## ZEILIN *v.* ROGERS.

*(Circuit Court, D. Oregon.* July 25, 1884.)

1. **ADVERSE POSSESSION.**
   The open and exclusive use of real property, for the purpose to which it is ordinarily fit or adapted, accompanied with a claim of ownership by the occupant, constitutes adverse possession, and the erection of a fence or other artificial boundary, to indicate the limits of such possession, is not essential thereto.

2. **PLEA OF THE STATUTE OF LIMITATIONS.**
   In an action to recover possession of real property the defense of the statute of limitations should be pleaded directly, as that the cause of action did not accrue within the prescribed period next before the commencement of the action; but the allegation that neither the plaintiff nor his grantor was seized or possessed of the premises during that period, is sufficient to allow proof of adverse possession by the defendant inconsistent with the plaintiff's right to maintain the action.

3. **AMENDMENT AFTER VERDICT.**
   In the furtherance of justice, the defendant may be allowed to amend such a defense after verdict, so as to make it conform to the ultimate fact proven, —that the action did not accrue, etc.

4. **PROOF OF POSSESSION.**
   The fact that the plaintiff's grantor abandoned or relinquished the possession of the premises in controversy to the defendant absolutely, for any cause or consideration, and that the latter thereupon took and held such possession to the exclusion of such grantor and his assigns, may be shown by parol in support of the defense of the statute of limitations.

5. **ASSESSMENT ROLL.**
   The fact that a parcel of land does not appear on the assessment roll of the county in a given year as the property of the defendant, in an action for the recovery of the same, does not tend to contradict the testimony of such defendant to the effect that he paid the taxes thereon, as owner, in such year; nor is it competent evidence in such action, for or against either party, of the ownership of such land.

Action to Recover Possession of Real Property. Motion for a new trial.

This action is brought to recover the possession of two parcels of land situate in Yamhill county, Oregon, and for the rents and profits of the same during their detention from plaintiff. It is alleged in the complaint that on January 1, 1875, one Susan R. Hall was the owner in fee of the two parcels; that William F. Hall was then her husband; that on that day she died, leaving him surviving her, whereupon he became and was tenant by the curtesy of an estate for his life in the premises; that the plaintiff, by mesne conveyances, has become the owner of this life-estate, which is of the value of $1,000, and is entitled to the rents, issues, and profits of the premises from November 8, 1875; that on said November 8th the defendant ousted the said Hall from the premises and took possession thereof, and has ever since withheld the same from the said Hall and his assigns, and from the plaintiff, and that the value of said rents and profits since said day is $3,250, and their present value is $1,000 a year; wherefore, the plaintiff prays judgment for the possession of the premises,

and for the value of the rents and profits, past and accruing, with costs.

By his answer the defendant denies the several allegations of the complaint, except those concerning the value of the premises, the relation of William F. to Susan R. Hall, and her death, but he avers that her death took place on March 28, 1868, and that he has been in the exclusive possession of the premises and withheld the same from said Hall and the plaintiff since July 14, 1868. The answer contains two special pleas or defenses. The first one is made under section 318 of the Code of Civil Procedure of Oregon, to the claim for rents and profits, and is to the effect that since July 14, 1868, the defendant has claimed and held the premises, under color of title, adversely to the claim of the plaintiff and his grantors, and that during said period has made permanent improvements thereon, in good faith, of the value of $2,000. The second one is intended as a plea of the statute of limitations in bar of the action, and is in these words:

"That the said Susan R. Hall departed this life on March ?8, 1868, and that neither the plaintiff, his ancestor, predecessor, or grantor, was or has been seized or possessed of the premises described in the complaint and in question in this action, or any part or portion of the same, within ten years last past, prior to the commencement of this action, nor since July 14, 1868."

The Code of Civil Procedure (sections 3 and 4) provides that an action for the recovery of the possession of real property "shall only be commenced within 20 years after the cause of action shall have accrued;" and adds, "and no action shall be maintained for such recovery unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within 20 years before the commencement of the action." By the act of October 17, 1878, (Sess. Laws Or. p. 21,) this period of limitation was reduced to 10 years. Instead of pleading the bar of the statute directly and properly, as that the plaintiff ought not to have or maintain his action against the defendant because the cause thereof did not accrue within 10 years before the commencement of the same, the latter merely alleges that neither the plaintiff nor those under whom he claims have been seized or possessed of the premises within 10 years, from which the inference may be made that neither of them was disseized or dispossessed of the premises within that time, and therefore no cause of action accrued to either of them within that period on such account.

The answer, as required by section 316 of the Code of Civil Procedure, also contains a statement of the nature and duration of the defendant's estate in the premises and that of his co-tenants, to the effect that he is the owner in fee of fifty-one sixty-fourths of the first parcel described in the complaint, and that other persons, known and unknown to him,—naming the former and the immediate ancestors of the latter,—are the owners in fee of the remaining thirteen sixty-

fourths thereof, in common with him, and that he holds the whole of said parcel for himself and said co-tenants; and that as to the second of such parcels he is the undivided owner in fee of the same. The plaintiff, replying to the answer, controverts the allegations in the special defenses and statement of the defendant's estate in the premises.

The case was tried before the district judge, with a jury, on November 28, 1882, and there was a verdict for the defendant. On the trial the plaintiff showed title to the first parcel of the premises, containing 235.75 acres, from the United States to Samuel McSween and wife, its donees, under the donation act of September 27, 1850; and to the second parcel, containing 37.50 acres, from the same source to Stephen Beauchamp, and by proper mesne conveyances from said donees to Susan R. Hall, and then put in evidence a deed from William F. Hall to Sidney Dell, the plaintiff's attorney, dated February 14, 1880, of the "life-interest" of said Hall in the premises, and of his claim for rents and profits, for the consideration of $50; a deed from Dell to W. T. Newby of an undivided half of the premises, of the same date; a deed from Dell of the other undivided half to the plaintiff, dated April 16, 1880; and one from Newby to the plaintiff for his undivided half, of the same date.

The defendant called William F. Hall as a witness, and asked him the question: "Were you in possession of the premises in controversy on the death of your wife, Susan R. Hall, in March, 1868, and for six weeks afterwards, and did you, in July of that year, turn over the possession of the premises to the defendant?"—counsel for the defendant stating at the time that the object of the question was to sustain the defendant's right to the possession of the premises against the witness and his assigns by reason of the lapse of time. The question was objected to as immaterial, because the statute of limitations had not been pleaded by the defendant. The objection was overruled, and the ruling excepted to. In answer to the question the witness testified as follows:

"I remained on the premises some six weeks or two months after my wife died, when I delivered the premises all over to the defendant. Since then I have not exercised or claimed any authority over the premises. The defendant has occupied the premises ever since, and I have never claimed any interest in the property as against him. Since I turned the property over to the defendant he has been in possession as owner, and claimed to be the owner to my knowledge, and I have never made any claim to it. I did not feel or think that I ever had any curtesy or life-estate in the premises after my wife's death, but Dell said I had, and I made him some kind of a conveyance in 1880. My wife died in March, 1868; but I did not yield up any right of my daughter in the premises to the defendant."

The defendant, to maintain the bar of the statute, also offered to prove by himself that since July, 1868, and for more than 10 years prior to the commencement of this action, he had paid all the taxes on the land as his own; to which evidence the plaintiff objected for

the same reason, but the objection was overruled and the evidence admitted; and also that in 1868, after the death of his wife, said Hall claimed an interest of some sort. in the premises—he did not know what—and wanted to go away; and that he purchased of him what he claimed to be his (Hall's) interest in the premises, including growing crops, furniture, and an old horse, for $300, rating his interest in the land at $150, though he did not understand what Hall's right was, and that, so far as Hall was concerned, he had occupied the premises ever since as his own, and has since purchased the interest of his daughter and heir of his wife therein, (for which it appears that he received a deed from said Hall, as the guardian of said daughter, on November 6, 1875;) to which evidence the plaintiff objected for the same reason, and the further one, that a sale of an interest in land could not be shown by parol; but the objection was overruled and the evidence admitted. To both these rulings exceptions were duly taken.

To rebut the defendant's testimony as to the payment of taxes, the plaintiff offered in evidence certified copies of the assessment rolls of Yamhill county from 1868 to 1876, inclusive, to show that the premises had not been assessed to the defendant during those years; to the admission of which the defendant objected as immaterial, and the objection was sustained by the court, because it did not appear from said assessment rolls who had paid the taxes in question; to which ruling the plaintiff excepted.

The plaintiff requested the court to charge the jury that the defendant not having introduced any evidence or claim under a paper title to the smaller of the two parcels of land, before they could find that he was in the adverse possession of the same for 10 years prior to the commencement of the action, "they must be satisfied that he lived on one or both parcels during that entire period, and had it under inclosure for the entire ten years;" and also, "that without a paper title the defendant could only maintain a right by adverse possession to that *which he actually incloses* for the whole ten years prior to the action." These instructions the court refused to give, but charged the jury that any other evidence of actual possession was sufficient in a settled farming country where there are known boundaries to claims and possessions; that it was sufficient if the defendant exercised ownership over the premises. If he occupied them as his own for 10 years prior to the commencement of the action, not intending to recognize or allow that Hall had any interest or estate therein, the action is barred; and as the plaintiff has admitted in open court that if the statute of limitations is well pleaded he is barred from recovering the north half of the larger parcel, your inquiry upon this point will be confined to the south half of such parcel and the smaller one; to which refusal and instruction the plaintiff excepted.

The jury, in addition to the general verdict for the defendant,

found, in response to questions submitted to them by the court, (1) that the defendant, at the commencement of this action, April 21, 1882, had been in the occupation and possession of the premises in controversy adversely to W. F. Hall, under whom the plaintiff claims, for more than 10 years, claiming the same as against said Hall as his own exclusive property; and (2) that said Hall was aware of the defendant's occupation and possession, whatever it was, and never did make or assert any claim to any interest or estate in the premises after he left them in 1868.

There was also evidence in the case tending to prove that the two parcels of land were contiguous, and that they had been inclosed for more than 20 years, and that during the greater portion of that time they had been occupied as one farm; and that they were inclosed anew by the defendant some eight or nine years before the commencement of this action.

The motion for a new trial is made on two grounds: *First,* the verdict is contrary to law and evidence; *second,* errors of law included in the foregoing exceptions, as follows: (1) The admission of evidence to prove adverse possession by the defendant, when the statute of limitations was not pleaded; (2) the refusal to admit the assessment rolls to rebut the evidence that the defendant had paid the taxes on the premises; (3) the admission of the parol evidence as to the plaintiff's purchase of Hall's interest in the premises in 1868; and (4) the refusal of the court to charge the jury, as requested by the plaintiff, upon the subject of inclosure, and the error in the charge actually given.

*Sidney Dell,* for plaintiff.

*William Strong* and *H. H. Hurley,* for defendant.

Before FIELD and DEADY, JJ.

FIELD, Justice. A new trial must be denied. The testimony of Hall as to his possession of the demanded premises in 1868, after the death of his wife, his delivery of that possession to the defendant, with his intended relinquishment of all interest in them, was admissible to show when the defendant took possession, and also its open and exclusive character. If to it we add the testimony of the defendant himself, given in his own behalf, the adverse character of his possession is well shown, and the finding of the jury is fully justified. More than 10 years had elapsed between the abandonment of Hall and the entry of the plaintiff thereon, and the commencement of the action, and thus a bar to the plaintiff's recovery was created, even supposing he had a specific conveyance of Hall's original interest in the premises as tenant by the curtesy. The deed of Hall to Dell is not set forth in the exceptions, though it is stated therein to be of his "life-interest," with a special warranty "against himself and those claiming under him." Hall testified that he never made any claim to the property or any interest therein after he gave possession to the defendant, and in fact did not think he had any, and so told

Dell at the time the latter obtained his deed. It is therefore probable that the deed, in effect, only amounted to a quitclaim,—a relinquishment, merely, of possible rights, instead of a specific conveyance of a certain interest,—a probability which is much enhanced by the very small consideration given for it. But, treating it as a conveyance of whatever interest Hall then had in the premises, it was too late to affect the rights acquired by the defendant by means of his 10 years' exclusive and uninterrupted possession.

It is true, the statute of limitations is not pleaded directly, or in a manner that can be called good pleading. But it is averred in the answer, that neither the plaintiff nor his grantor was seized or possessed of the premises for the statutory period of 10 years prior to the commencement of the action; and also that the defendant was in the exclusive possession of the premises during that period. And it is evident that the defendant relied upon this possession, which was undisturbed, as a defense. A cause of action could not accrue against him in favor of the plaintiff for the recovery of the premises during such possession.

Neither has the plaintiff been in any respect prejudiced in the presentation of his cause by the inartificial manner in which the defendant has stated his defense of the statute. And, if it were necessary, the defendant would be now allowed to amend his answer in this respect. Errors and defects in the form and even the substance of a pleading may, "in the furtherance of justice," be amended after verdict, "when the amendment does not substantially change the cause of action or defense by conforming the pleading to the facts proved." Code Civil Proc. § 99. If the plaintiff was not satisfied to go to trial on this defense, either on account of its form or substance, he should have objected to it at the proper time, by motion or demurrer.

There was no error in the instructions of the court to the jury. Neither residence upon land nor its inclosure by artificial means is absolutely necessary to create an adverse possession, even where the premises are not claimed under color of title. Either of these circumstances is strong evidence to establish such possession; but it may be shown in other ways. A subjection of the land by the claimant to such uses as it is ordinarily susceptible of, to the exclusion of others, is an adverse possession; and that subjection may appear by its cultivation or occupation for the ordinary purposes of husbandry or pasturage. The extent of the land to which an adverse possession is claimed must, of course, be clearly indicated, so that others may see and respect it; but it need not be shown by an artificial inclosure. It is to an inclosure of that kind that the instruction asked and the one given in the charge of the court evidently had reference. The former speaks of an adverse possession of land within limits which the *defendant actually incloses.* "In a settled farming country," says the judge, "where there are known boundaries to

claims and possessions, it is sufficient if the occupant exercise ownership over the land." Other objects than an artificial structure in the nature of fences may mark the limits of the possession claimed; such as ravines, water-courses, and the like. And furrows in the field, mounds at short distances apart, and many other devices, not constituting strictly an inclosure, may equally answer the purpose. The subjection of the land to the uses of the claimant, to the exclusion of others, and the identification with reasonable certainty, according to the circumstances of the case, in some visible or appreciable way, of its extent, are the material facts necessary to establish the adverse character of the possession. In many decisions an inclosure is spoken of as essential, because the limits of the land in question could only be marked conveniently in that way. But the essential fact is the indication, given by the inclosure, of the limit to which the possession claimed extends. None of the authorities deny the equal efficacy with an artificial inclosure of other defined boundaries or means of indicating the limits of a tract to which the possession of an occupant extends. In the present case there was evidence tending to show that the premises in controversy claimed by the defendant had been inclosed with a fence more than twenty years, though the inclosure had been renewed eight or nine years previous to the commencement of the action.

The objection that the transfer of Hall's interest to the defendant was attempted to be shown by parol, was not well taken. The evidence was not offered or received to show such transfer,—which could only be done by deed,—but to prove that Hall abandoned the possession and surrendered it absolutely to the defendant, who thereupon entered upon the land and held it adversely.

The refusal to admit the assessment rolls in evidence is so obviously correct as to require no consideration.

Motion for a new trial denied.