# Richmond.

## NELSON v. TRIPLETT, TRUSTEE, AND ALS.

### DECEMBER 10th, 1885.

1. EJECTMENT—*Legal title—Right of possession.*—The doctrine in this State is, that in ejectment the plaintiff must show a legal title in himself, and a present right of possession under it at the time of the commencement of the action. *Suttle* v. *R., F. & P. R. R. Co.,* 76 Va. 284.

2. IDEM—*Decree for conveyance—Evidence.*—A decree requiring the execution of a conveyance to complainant, does not, of itself, vest any legal title in him. And such decree should not be received as evidence of legal title in an action of ejectment. *Aldridge* v. *Giles,* 3 H. & M. 136.

3. IDEM—*Case at bar.*—A case wherein plaintiff failed to show, in himself, either a legal or an equitable title.

Error to judgment of circuit court of Culpeper county, rendered 9th June, 1883, in an action of ejectment, wherein Bushrod Triplett, trustee, was the plaintiff, and L. P. Nelson was defendant.

Opinion states the case.

*W. W. Henry,* for the plaintiff in error.

*G. D. Gray* and *D. A. Grimsley,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This was an action of ejectment in the circuit court of Culpeper county, brought in April, 1881, by Bushrod Triplett, trustee for his wife, Frances A. Triplett, and her children, Mary T. Cole, O. C. Cole and Stockton W. Cole, against L. P. Nelson.

At the trial the defendant, without offering any evidence on his own behalf, demurred to that introduced by the plaintiffs. The jury found a verdict for the plaintiffs, subject to the opinion of the court, upon the demurrer to evidence; and thereupon the court, having entered judgment for the plaintiffs, the defendant applied for and obtained a *supersedeas.*

It is this action of the court below which we are now called upon to review.

The general rule in this State, as in England and in most of the States of the Union, is that the plaintiff's right to recover in an action of ejectment rests upon the strength of his own title, and not upon the imperfections or weakness of his adversary's. *Roe, Lessee of Hardane* v. *Harvey,* 4 Burrows, 2487; *Tapscott* v. *Cobbs,* 11 Gratt. 172; Adams on Ejectment, 43. And it is also the rule, subject, perhaps, to some exceptions, not necessary to be here enumerated, that the plaintiff in this action must establish a legal title in himself to the land he claims, and the right of possession under it at the time of the demise laid in the declaration. *Fenn* v. *Holme,* 21 How. 483; *Smith's Lessee* v. *McCann,* 24 How. 402. A mere equitable title will not entitle the plaintiff to recover. *Fenn* v. *Holme, supra; Carpenter* v. *Montgomery,* 13 Wall. 380; *Suttle* v. *R., F. & P. R. R. Co.,* 76 Va. R. 288.

Now, keeping in view these familiar principles, we think it will plainly appear from a brief review of the evidence that the plaintiffs did not have the legal title which was essential to entitle them to a judgment in their favor.

In the progress of the trial the plaintiffs introduced as

evidence in support of their contention the records of two chancery suits—viz., *Hopper, Guardian* v. *Bowen*, and *Triplett and Wife* v. *Bruce*. From an inspection of the record in the first of these above-entitled causes, and the exhibits filed therein, it may be seen that on the 18th day of April, 1862, one Paul L. Bowen purchased of Thomas R. Rixey a tract of land containing $252\frac{1}{4}$ acres, lying on Hazel river, in the county of Culpeper, and adjoining the lands of Perry J. Eggborn, Richard Newby and others, and executed in payment thereof five bonds of ten hundred and nine dollars each, payable in one, two, three, four and five years, respectively, from their date; and five other bonds of different amounts for the interest thereon. On the same day—namely, on the 18th day of April, 1862, this property was conveyed to the said Bowen, who in turn conveyed the same to Henry Shackleford, in trust to secure the payment of all of the above-mentioned bonds. Paul C. Bowen having in his lifetime paid some of these bonds, that suit was brought after his death against his representatives to enforce the lien for the unpaid purchase money. During the progress of this litigation the said T. R. Rixey agreed with Triplett, trustee, to sell him the said land for $4,147, in full of his lien; and the commissioners recommending that the sale should be approved, the court entered a decree confirming the same, and directing that a conveyance should be made to Rixey, upon his filing a full acquittance for his lien in the papers. But it does not appear that Triplett, who by the terms of his contract was to pay the said sum before the lien for the unpaid purchase money due to Rixey was to be discharged, ever paid this amount; on the contrary, it seems to be clear that he never paid it and gave up the land.

In the meanwhile Rixey conveyed this property to one Thomas P. Rixey, to secure the payment of the sum of $500 to Mrs. Mary F. Cole and her heirs; and under this deed it was

sold to the plaintiffs for the sum of $2,018.   The debt due from Bowen to T. R. Rixey has, therefore, never been paid, and Rixey has never received a deed.   And the case of *Aldridge* v. *Giles*, 3 H. & M., 136, is an authority to show that a decree to make a title to the plaintiff does not, of itself, vest a title in the party to whom it is directed to be made, and that the deed must be executed in order to pass the title.   It seems to us, therefore, as the counsel for the plaintiff in error, well observes, that "the plaintiffs claim under a creditor who had a lien on the tract of land, but no legal title thereto," and they have not the legal title in themselves; and the court below erred in entering judgment for them.   Its judgment must, therefore, be reversed, and a judgment must be entered for the defendant; without prejudice to the plaintiffs to resort to a court of chancery, if they shall be advised so to do.

JUDGMENT REVERSED.