## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### JENNINGS v. GRAVELY AND ANOTHER.

#### DECEMBER 19, 1895.

1. EJECTMENT—*Equitable Title of Defendant—Section 2741 of Code.*— Although a defendant in ejectment may be clothed with a perfect equitable title, it is no defence as against a plaintiff holding the legal title, with immediate right of possession, unless the defendant can bring himself within the terms of the statute (section 2741 Code) requiring him to vouch a contract in writing, stating the purchase and the terms thereof, signed by the vendor or his agent. The statute was dictated, not by a general, but a restrictive policy, and its scope will not be enlarged.

Error to a judgment of the Circuit Court of the city of Danville, rendered January 18, 1893, in an action of ejectment, wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Affirmed.*

After the plaintiffs had shown that they held the legal title to the land in controversy, with the immediate right of possession, the defendant proved the notice given to the plaintiffs of his intention to rely on an equitable defence under the statute, and then "introduced A. G. Walters, one of the commissioners who sold the land in the suit of *A. G. Walters, Guardian, &c.* v. *N. D. Walters and Others,* and offered to prove by him that the whole of the land left by A. J. Walters, including the reversion in that assigned the widow as dower, was

sold by the commissioners in said cause. The plaintiffs objected to the admission of this evidence, and the court, being of opinion that it was not competent to supplement the record in this case by oral evidence or evidence *aliunde*, sustained the objection, and refused to allow the evidence to be introduced."

To this opinion and ruling of the court the defendant excepted. Neither party demanding a jury, the court entered judgment for the plaintiffs.

*Peatross & Harris*, for the plaintiff in error.

*George C. Cabell* and *Claude A. Swanson*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

The defendants in error, Mary F. Gravely and P. B. Gravely, her husband, brought an action of ejectment for the recovery of a certain tract of land described in the declaration. The defendant, Jennings, the plaintiff in error here, pleaded not guilty, and gave notice in writing, as provided by statute, ten days before the trial, that he would rely, among other things, for defence " on the fact that the property sued for was sold under a decree of the County Court of Pittsylvania county, in the chancery cause of *A. G. Walters, Guardian, &c.* v. *Nancy D. Walters and Others*, and fully paid for, although no deed was made therefor to the purchaser thereof in said suit." The case was submitted to the court, without intervention of a jury, for its decision, and the case is here upon exceptions by the plaintiff in error to certain rulings of the court during the progress of the trial, and to the judgment rendered, as being contrary to the law and the evidence.

Opinion.

The evidence of the defendants in error, who were the plaintiffs in the Circuit Court, showed that they, were the holders of the legal title, and had a right of possession under it at the time of the commencement of the action. See *Suttle* v. *R., F. & P. R. R.*, 76 Va. 284; *Nelson* v. *Triplett, Trustee, and Others*, 81 Va. 236.

We are of opinion that the defence attempted to be set up under section 2741 of the Code, notice of which was duly given, as provided by section 2743, cannot be made available in this instance.

Section 2741 provides that

" A vendor, or any claiming under him, shall not, at law any more than in equity, recover against a vendee, or those claiming under him, lands sold by such vendor to such vendee, when there is a writing, stating the purchase and the terms thereof, signed by the vendor or his agent, and there has been such payment or performance of what was contracted to be paid or performed on the part of the vendee, as would in equity entitle him, or those claiming under him, to a conveyance of the legal title of such land from the vendor, or those claiming under him, without condition."

In *Davis and Others* v. *Teays and Others*, 3 Gratt. 270, 275, Judge Baldwin, speaking of the statute, found in the supplement of the Revised Code of 1819, pp. 159, 160, says: " The object seems to have been to prevent in cases sometimes occurring, of a plain nature, an oppressive use from being made of the mere legal title, for the purpose of turning out of possession, and driving into a court of equity for relief, the substantial, though not formal owner, invested with a complete equitable right, but unprotected by a technical release or conveyance. The legislative enactment appears to have been dictated, not by a general but a restricted policy, having in view, on the one hand, the preventing of gross injustice to the tenants in possession; and on the other, guarding against the evils of a complicated and protracted litigation, upon principles theretofore unknown to the legal forum. A few classes

of cases only were therefore selected, and restricted within narrow limits by careful and cautious provisions."

Section 2741 of the Code, as we have seen, limits the right of defence on the basis of an equitable title to a vendee in possession under a contract in writing, stating the purchase and the terms thereof, signed by the vendor or his agent, where there has been such payment or performance of what was contracted to be paid or performed as would in equity entitle him to a conveyance of the legal title of the land from the vendor.

In the case from 3d Gratt., *supra*, it was held that the defence could not be set up, because the articles of agreement offered in evidence referred to a previous written contract between the parties, which had been lost. The court refused to permit parol testimony of its substance, being of opinion that the two agreements formed one entire contract, and that parol evidence to prove the first was inadmissible, because the statute required written evidence of the entire contract on which reliance was placed to sustain the equitable defence.

This case is cited with approbation by Judge Staples in *Suttle* v. *Railroad Co.*, 76 Va. 284. It is true that was a case in which the plaintiff came into a court of law in an action of ejectment, basing his right of recovery upon an equitable estoppel; and, as we have seen, the court held that, in ejectment, the plaintiff must show a legal title in himself, and a present right of possession under it at the time of the commencement of the action. Certain exceptions to this rule are stated, which need not be here noticed.

Commenting upon the rigor with which our law requires the plaintiff to show the legal title in himself, and a present right to the possession under it at the time of the demise laid in the declaration, Judge Staples uses the following language : " Until a statute was passed to remedy the evil, a vendee in possession, who had paid every dollar of his purchase money,

and had written evidence of his contract, was liable to be turned out of possession by his vendor upon the mere legal title, and was at last compelled to make his defence in a court of equity." Referring then to the opinion of Judge Baldwin in *Davis* v. *Teays, supra,* Judge Staples continues: "The provisions of the statute referred to by Judge Baldwin require that there shall be written evidence of the contract; that the vendee shall have fully complied with all of its terms, so that he would be entitled to a conveyance of the legal title without any condition imposed; * * * * * * *

"These are the provisions allowing equitable defences in a court of law; so carefully guarded, however, as to prevent a protracted and complicated litigation, involving equitable rights and interests, in a mere legal forum. If, as now claimed, the holder of an equitable title may maintain or defend in ejectment; if a party in that action may rely upon a mere equitable estoppel in *pais*, the statutes cited are altogether unnecessary, and this court has utterly misapprehended the grounds upon which they were enacted."

We have quoted thus fully from the opinion in *Suttle* v. *Railroad Co.*, because the learned judge who delivered that opinion places the right to rely upon an equitable title, by way of defence, upon no higher or stronger footing than the right to maintain his suit upon the part of the plaintiff, clothed only with the equitable title. The hardship would be as great in the one case as in the other, and the answer to the argument of inconvenience is, that so the law is written. The plaintiff may come into court upon an absolutely perfect equitable title, but will lose his case if the defendant can show an outstanding legal title in himself or a stranger, except in a few cases dependent upon certain technical principles; and he who comes vested with a legal title may recover against a defendant who is clothed with a perfect equitable title, unless the latter can bring himself within the terms of the statute to which we have referred.

Opinion.

It is clear that the defendant, the plaintiff in error, is not within the terms of the statute. He cannot vouch a contract in writing, stating the purchase and the terms thereof, signed by the vendor or his agent. Nor is he within the spirit of the law to any other or greater extent than is every defendant who can show an equitable title in himself. To hold, therefore, that the defence attempted here could be made in a court of law would be greatly to enlarge and expand the statute, and make it apply to all cases where the defendant was entitled to relief in a court of equity, although in the leading case of *Davis and Others* v. *Teays and Others*, *supra*, it was held, as we have seen, that this enactment was dictated, not by a general, but a restrictive policy, and embraced only a few classes of cases, which were selected and confined within narrow limits by careful and cautious provisions. That case was decided in 1846. It has been followed as a proper exposition of this statute from that day to this, and we are not at liberty, even were we so disposed, to depart from the construction thus established.

Inasmuch as this defence could not, in our opinion, be made, and as none other was attempted, the plaintiffs having shown themselves entitled to recover, the judgment in their favor must be affirmed.

*Affirmed.*