RUDD *et al.*

*v.*

FARMVILLE & P. R. Co.

*(Supreme Court of Appeals of Virginia, March 26, 1896.)*

[24 S. E. Rep. 386.]

**Ejectment\*—Railroads—Right of Possession in Condemnation Proceedings.**

Ejectment will not lie against a railroad company for land upon which, after a report in its favor by commissioners duly appointed, and payment into court of the damages assessed, it has entered for construction of its road, notwithstanding the proceedings were still pending, since it has the right of possession under Code, § 1081, authorizing it, under such circumstances, to enter for such purpose.

Appeal from circuit court, Powhatan county.

Action of ejectment by W. T. and Ann J. Rudd against the Farmville & Powhatan Railroad Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

*W. M. Flanagan,* for plaintiffs in error.

*T. M. Miller* and *Pegram & Stringfellow* for defendant in error.

KEITH, P., delivered the opinion of the court.

The Farmville & Powhatan Railroad Company on the 1st day of February, 1888, applied to the county court of Powhatan county, under section 1085 of the Code, for the appoint-

---

*See monographic note on "Ejectment," Va. Rep. Anno.

ment of commissioners, whose duty it should be to ascertain a just compensation to the owners of lands within the county which the petitioner proposed to take for the purposes of a contemplated railway. Notice of this motion was posted in accordance with the statute in such case provided, and thereupon the county court appointed a commission consisting of five gentlemen, who on the 12th of May, 1888, reported to the court that on the 24th of April, preceding, they had, after due notice, met together upon the lands, of which R. K. Cralle was owner and tenant of the freehold, and ascertained the damages which would be suffered by him, by reason of the proposed railroad to be built through it, to be the sum of $52.60. On the 6th day of June of the same year, there being no exception to the report, it was confirmed ; and, the sum of $52.60 having been theretofore paid into court, an order was entered declaring a fee-simple title to the land condemned to be vested in the Farmville & Powhatan Railroad Company ; and the report of the commissioners, and the proceedings under it, together with a copy of all the orders of the court in the cause, were ordered to be recorded according to law. On the 5th of August, 1889, on the motion of R. K. Cralle, the county court reinstated the case of the Farmville & Powhatan Railroad Company v. Cralle upon the docket, and gave the defendant leave to file exceptions to the report, which was done, and thereupon the cause was continued. On the 8th of January, 1891, on the motion of W. T. Rudd and Ann J. Rudd, his wife, leave was given them to file their joint petition in the case of Farmville & Powhatan Railroad Company v. Cralle, from which, and from their amended petition filed on the 3d of February, 1892, it appears that the land in controversy was, at the time the proceedings in the county court were instituted, the property of W. C. Cralle, and not of R. K. Cralle. It further appears that, since the institution of the proceedings in the county court of Powhatan, Ann J. Rudd had become the purchaser of the tract formerly owned by Cralle.

The case came on again to be heard on the 3d of February, 1892, upon the papers already in the case, and upon the petition and amended petition of Rudd and his wife, and thereupon the report of the commissioners, dated the 24th of April, 1888 (the order confirming it having already been set aside), was quashed, and a new commission was appointed; and the proceedings, so far as the record now before us shows to the contrary, are still pending and undetermined in the county court of Powhatan county. In October, 1892, Ann J. Rudd—who, as we have seen, had become the purchaser of the land formerly owned by W. C. Cralle, of which R. K. Cralle was at the time of the condemnation proceedings in the county court the tenant of the freehold—filed her declaration in ejectment against the Farmville & Powhatan Railroad Company; alleging that that company had on the 16th day of November, 1890, entered upon the land (describing it), and unlawfully withheld the possession thereof from her. When this action of ejectment came on for trial, the plaintiff having set out her title, the railroad company, by way of defense, put in evidence the proceedings in the county court of Powhatan hereinbefore set forth; and thereupon the jury found a verdict for the plaintiff, which the court set aside, and upon a subsequent trial upon the same evidence there was a verdict and judgment for the defendant. The plaintiff objected to the instruction given by the court to the jury upon the first trial, and to the judgment of the court in setting aside the verdict.

The instruction given is in the following words: "The court instructs the jury that the transcript of the record of the county court proceedings tendered and filed as evidence by the defendant company is insufficient to guaranty and transfer to the defendant company the legal title to the land claimed in the declaration; and if they believe from the evidence that the legal title to said land is in the plaintiff, except so far as it may be affected by the county court proceedings, and that the defendant company entered upon the same forcibly on the 4th day

of June, 1888, then the jury will find for the plaintiff." And the objections urged to it are that it submits to the decision of the jury matters of law which the court should itself have decided, and assumes the existence of facts which had not been established.

It is not perceived how the plaintiff in error could have been injured by submitting to the jury matters of law which the court should have decided against the plaintiff in error without the jury's assistance ; but, waiving all such criticism, a conclusive answer is found on the consideration that the errors complained of, if they exist, could not, by possibility, have been prejudicial to the party complaining. To entitle a plaintiff in ejectment to recover, he must show the legal title in himself, and a present right of possession under it, at the time of the commencement of the action. See Suttle v. Railroad Co., 76 Va. 284, and Jennings v. Graveley (decided at the November term, 1895) 23 S. E. 763. Conceding, for the sake of argument, that the legal title at the date of the judgment complained of was still in the plaintiff in error, the proceedings in the county court of Powhatan for the condemnation of the right of way at the suit of the defendant in error gave it the lawful right to enter upon the premises in dispute, and are fatal to that necessary element in the case of the plaintiff in error, —the present right of possession. Section 1081 of the Code is, in our judgment, conclusive upon that point, and gives to the company in whose favor a report has been made by the commissioners duly appointed, and which has paid the sum ascertained to be due, the right, notwithstanding the pendency of the proceedings, to enter into and construct their work upon or through the part of the land embraced in such report. Without expressing any opinion, therefore, upon the question of title, it is clear that the right of possession was in the defendant in error, and that the judgment of the court was in accordance with the law. It is therefore affirmed.