JOHN DOE, on demise of EDWARD C. PLEASANTON, *vs.* RICHARD
   ROE, casual ejector, and JAMES H. SIMMONS and SALLIE
   SIMMONS, tenants in possession.

*Ejectment—Evidence—Equitable Title—Legal Title—Admissions—*
   *Adverse Possession—Orphans' Court Sale; What Passes*
   *Thereunder—Weight of Evidence—Lost Deed.*

1. In an action of ejectment the plaintiff cannot put in evidence declarations of
the person under whom he claims, which were not against interest but in support of
title.

2. Bills for lumber, found in possession of the person under whom the plaintiff
claims title, will not be admitted in evidence to show that such person treated the
property as his own, unless it clearly appears that he bought the lumber, and also that
it was used in the repair and improvement of the property in question.

3. Papers purporting to be tax receipts for taxes upon the property in question,
paid by the person under whom plaintiff claims title, will not be admitted in evidence
in the absence of proof of their genuineness.

4. When the question to be determined, is to whom a certain conveyance was
made, it may be shown who paid the consideration money, and it may also be shown
how, after said conveyance, the respective claimants treated or dealt with the property,
and who paid the taxes, repairs and improvements on the property, etc. But such tes-
timony is material only as it tends to prove to whom the conveyance was made. A
mere equitable or beneficial title is not sufficient to maintain an action of ejectment in
a court of law, a legal title being essential.

5. Such legal title cannot be acquired by the payment of taxes, repairs and im-
provements, nor by dealing with the property as one's own, except he has the exclu-
sive, adverse and continuous possession for twenty years.

6. Statements or admissions made by one having the legal title, adverse to or
inconsistent with such title, cannot operate to divest such title, although such state-
ments or admissions are proper for the consideration of the jury in determining who in
fact had or has the legal title.

7. The plaintiff in an action of ejectment must recover, if at all, on the strength
of his own title, and it is not enough for such recovery that the defendant has failed to
prove that he has a good title. The legal title of the plaintiff must be proved by a
preponderance of the evidence.

8. By a sale and conveyance made under an order of the Orphans' Court for the payment of the debts of a deceased party, nothing passes to the purchaser except the estate and title of the drceased at the time of his death, with the benefit of any acts done after the death for perfecting or securing such title.

*(April 26, 1900.)*

Judges SPRUANCE, GRUBB and BOYCE, sitting.

*Arley B. Magee* and *Henry Ridgely, Jr.,* for plaintiff.

*George M. Jones* and *Edward Ridgely* for defendants.

Superior Court, Kent County, April Term, 1900.

ACTION OF EJECTMENT (No. 59, April Term, 1899). The facts appear in the charge of the Court.

At the trial Sarah A. King, a witness for the plaintiff, was asked the following question :

" Q. Have you heard your mother, Mary A. Simmons, now deceased, make any statement regarding the ownership of the house and lot in question since 1867 ?" The question was objected to by counsel for defendant on the ground that while the plaintiffs could prove any declaration made against interest, yet where the parties claimed through the deceased, they could not prove declarations made by the deceased, in her own favor. Counsel for plaintiff replied that the plaintiff in this case was the purchaser at the sale of land by order of the Orphans' Court for the payment of debts, that he had a deed of the administrator, and that while he unquestionably claimed through her, at the same time the statements sought to be introduced were not statements that could be said to be in her interest in the present suit, because the plaintiff claimed not as an heir but as a purchaser. That declarations of deceased occupiers are admissible, the jury being the judges as to the credibility of such testimony.

*Newell on Ejectment, 291.*

SPRUANCE, J.:—The plaintiff claims title under Mary A. Simmons, by virtue of a deed from her administrator, made by order of the Orphans' Court in proceedings for the sale of her real estate for the payment of her debts. The plaintiff cannot put in evidence declarations by Mary A. Simmons in support of her title. The objection is sustained.

The plaintiff having proved by a witness, James Simmons, son of Mary A. Simmons, deceased, that about the year 1879 or 1880 the said Mary A. Simmons bought certain lumber from Hazel & Pennewill, of Dover, which witness hauled to the town of Little Creek for said deceased and which was used in and about repairing said property, and that the said Mary A. Simmons purchased no other lumber from Hazel & Pennewill excepting the lumber that he hauled,—the witness was then handed certain bills rendered by Hazel & Pennewill to Mary A. Simmons for lumber for the year 1879 and asked if he could identify them as covering the lumber referred to in his testimony. The witness replied that he could not read. Caleb S. Pennewill, a member of the firm of Hazel & Pennewill, was then called to the stand and testified that the bills in question were for lumber furnished to Mary A. Simmons by the firm of Hazel & Pennewill in the year 1879 and 1880, that he made out the bills, they being in his handwriting, and that so far as he knew, the books showed that the bills were paid by Mary A. Simmons, or rather that they did not show that they were paid by any one else; that in the due course of business the bills were, so far as the witness knew, sent to Mary A. Simmons; that he did not send them to any one else to his knowledge; that some of the bills were paid, and some had payments credited on account, but were not paid in full.

The counsel for the plaintiff upon the foregoing proof, offered the said bills in evidence, to prove an act of ownership on the part of the deceased. The same were objected to by counsel for defendant on the ground that there was no proof that the lumber

mentioned in the bills was ever hauled for use on the house in question.

SPRUANCE, J.:—A majority of the Court rule that these papers offered in evidence are not admissible.

GRUBB, J.:—I will state that a majority of the Court think that at this stage of the proof all of these bills are inadmissible. Mr. Pennewill has testified that he undoubtedly sold lumber to Mrs. Mary Simmons, but has stated that he could not say that it went to Little Creek Landing. He has stated that he did not know who hauled it away from his premises. Mr. James Simmons has stated that all the lumber that went to the Little Creek property he hauled, and the reason that he gave was because he had the team. He said that he could not read, and therefore he could not look at the bills and state whether each item in these bills was actually hauled by him to Little Creek Landing. There is no positive evidence, therefore, that all, or any of the items mentioned in these particular bills ever was taken by him to Little Creek Landing, although he took lumber; but Mr. Pennewill does not say that Simmons was the party who took the lumber that he has charged in these bills. The jury will therefore have to infer, if we let it go before them, that this particular lumber mentioned in these bills was taken there because Hazel & Pennewill sold lumber to Mary A. Simmons, and James Simmons hauled lumber to her place. Instead of furnishing the best evidence of it—that is by reading out each item in these bills to him, and letting him say whether as a matter of fact he hauled these articles to the particular property in question—you ask us to admit these bills. The bills are here and the man is here. Yet you are asking us to permit the jury to draw a conclusion upon secondary evidence, when the primary and proper evidence as to each item is here in the witness James Simmons.

There is another point, as to whether Mary A. Simmons recognized these bills. I have looked over these bills and most all of them are bills made out against her by Mr. Pennewill, found in

her possession and not receipted. And there is no entry of credit by cash on the greater number of them, so far as I examined them. That being so, the jury would have to presume that she had assented to these bills by merely having them in her possession, and never having accepted a receipt for them. There might be another inference from that, that she held them and did not take a receipt for them because she objected to the correctness of them. If receipts were on them and they were in her possession, then, *prima facie,* it would be an admission on her part that these bills were due by her and that she had paid them. But as to those on which there are no such receipts, I do not see how there can be any inference of her admission that she received the lumber or owed them, and even if there were, although she admitted that she owed them and paid them, that would not admit that they were for lumber that was to go upon this particular property. That lumber might have gone elsewhere. There are credits by cash on two or three of the bills that I examined—I do not know how many more—and that might warrant an inference of her admission that they were due and that she had paid them to that extent, but it would not necessarily warrant the inference that although she had received them and paid them that they were to go on this particular property.

I am speaking of what you can prove by these bills. Not what you can prove by supplementary or other evidence. So that I say for the latter reason, and also for the first reason and better ground which I put it on, as not being the best evidence, we think we ought not to let it go to the jury, and therefore a majority of the Court have ruled that these bills are inadmissible.

BOYCE, J.:—It has been admitted by the counsel for the defendant, and the Court are agreed, that it is perfectly competent for the plaintiff to show as a matter of fact how Mary A. Simmons treated this property in her lifetime. But personally I am in grave doubt as to the admissibility of these bills as primary evidence for that purpose.

SPRUANCE, J. (dissenting):—The purpose of this evidence is to show that Mary A. Simmons, under whom the plaintiff claims title, treated this property as her own by making repairs and improvements thereon at her own expense.

It appears to me that the bills of lumber offered in evidence have been sufficiently identified to warrant us in submitting them to the jury.

The testimony of James Simmons and Caleb S. Pennewill shows, or tends to show, that these bills were for the lumber purchased and used by Mary A. Simmons in the repair or improvement of this property. It is immaterial whether she paid for this lumber in whole or in part; it is sufficient if she purchased and used it for said repairs or improvements. If upon the consideration of all of the evidence as to these bills, including that of Sarah A. King, that her mother Mary A. Simmons gave them to her for safe keeping, the jury should be satisfied that they are the bills for the lumber used upon the premises, they would be of material aid in the determination of the question whether Mary A. Simmons treated the property as her own. I am of the opinion that these bills should go to the jury, but the majority of the Court think otherwise, and they cannot be admitted in evidence.

Counsel for plaintiff then offered in evidence a number of papers, purporting to be tax receipts for taxes upon the property in question paid by Mary A. Simmons, commencing about 1887 and running on down to the time of her death. Counsel stated that they could make no proof as to the genuineness of the papers except that they were found among the papers and effects of the deceased.

The papers were thereupon objected to by counsel for defendants, on the ground that there was no proof that they were genuine.

SPRUANCE, J.:—We think these papers are not admissible.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment brought by the lessee of Edward C. Pleasanton against James H. Simmons and wife, *et al.*, to recover the possession of a house and lot in the village of Little Creek Landing in this county.

Both the plaintiff and the defendants claim title under Manlove Hayes, who is admitted to have had a good fee simple title to the premises when he and his wife conveyed the same by a deed which was never recorded and is now lost or destroyed.

The defendants claim that the said deed conveyed the premises to one of them, the said James H. Simmons; and the plaintiff claims that the said deed conveyed the premises to Mary A. Simmons.

It is admitted that after the decease of the said Mary A. Simmons all of her estate in the premises, if any she had, was sold under an order of the Orphans' Court of this county for the pay- of her debts, and conveyed by the deed of her administrator to the purchaser Edward C. Pleasanton, the plaintiff's lessor.

The question to be determined by you from the evidence is, to whom were the premises conveyed by Manlove Hayes and wife?

If said conveyance was to Mary A. Simmons, the legal title was vested in her; and if said conveyance was to James H. Simmons, the legal title was vested in him.

In addition to the direct testimony as to the terms of this deed given by the witnesses who claim that they had seen the deed or had read it or had heard it read, we have had much testimony of an indirect character upon the same subject as to who paid or fur- nished the money to pay the consideration or price of the Hayes conveyance; how after said conveyance the respective claimants treated or dealt with the property, and who paid or furnished the money to pay the taxes, repairs and improvements of the property, etc.

This latter class of testimony in this Court and in this action is material only so far as it tends to prove to whom the conveyance was made by Hayes and wife.

That deed vested the legal title in some one, and if you are able to determine from the evidence who that person was, it is immaterial whether all or any of the price or consideration money of said conveyance was paid or furnished by that person or by some one else.

Under certain circumstances in a court of equity, a person paying or advancing money for the purchase of real estate will be decreed to have the equitable or beneficial title, but a mere equitable or beneficial title is not sufficient to maintain an action of ejectment in a court of law, a legal title being essential for that purpose.

So also one not having the legal title to real estate cannot in general acquire such title by dealing with it as his own, as by the payment of taxes, repairs and improvements, even if such payments amounted to as much or more than the value of the property, it being the general rule of law that he who makes permanent erections or improvements on the land of another incorporates such erections or improvements in the land, and that he who has the legal title to the land has the legal title to all such erections and improvements thereon.

Nor can a person acquire a legal title to land by dealing with it as his own, except he has the exclusive, adverse and continuous possession of it for twenty years, in which case the law presumes he has the legal title. But where such possession is for a less period than twenty years, or where it is of a mixed character, for example, where the possession has been shared with some other person or persons, no conclusive presumption arises as to the ownership of the legal title from such possession.

Statements or admissions made by one having the legal title to land, adverse to or inconsistent with such title, cannot operate to take away or divest such title, although such statements or admissions are proper for the consideration of the jury in determining who in fact had or has the legal title.

The plaintiff in an action of ejectment must recover, if at all,

on the strength of his own title, and it is not enough for such recovery that defendant has failed to prove that he has a good title.

In order to entitle the plaintiff to a verdict the jury should, after a careful consideration of all the evidence before them, be satisfied that the preponderance or weight of the evidence is in favor of the conclusion that the plaintiff has the legal title.

It is not necessary that the legal title of the plaintiff be proved beyond a reasonable doubt, but it is necessary that his title be proved by a preponderance of the evidence.

Although the sale and conveyance of the premises were under orders of the Orphans' Court of this county, that Court passed no judgment upon the question now to be determined by you, viz., whether Mary A. Simmons at the time of her death had any or what title to the land.

Nothing passed to the purchaser under said sale and conveyance except the estate or title owned by Mary A. Simmons at the time of her death, with the benefit of any acts done after her death for perfecting or securing such title, and if you find that she had no title to the premises then no title passed to the purchaser.

The jury are the sole judges of the credibility of the witnesses and the weight to be given to the evidence, and the verdict should be in favor of the plaintiff or the defendants according as you find the weight or preponderance of the evidence.

Verdict: "We find the defendants not guilty of the trespass in ejectment in the said declaration mentioned in the manner and form as the said John Doe hath complained against him."

NOTE.—The foreman of the jury asked for a written copy of the charge to take with them into the jury room. The Court declined to grant the request.