## Richmond.

HANEY v. BREEDEN AND OTHERS.

December 11, 1902.

1. EJECTMENT—*Equitable Estoppel as Defence.*—An action of ejectment cannot be defended by reliance upon a mere equitable estoppel, as by showing by parol that the plaintiff had told the defendant before completing his purchase that the plaintiff did not claim the land in suit.

2. ADVERSE POSSESSION—*Intention—Fact for Jury—Instruction Ignoring Part of Evidence.*—Adverse possession depends upon the intention with which the possession is taken and held; and, while the intention to claim title must be clear, it need not be expressed. But whether or not the possession was taken by mistake, or without the intention of claiming title, is a question of fact to be determined by the jury from a consideration of all the evidence in the case. It is error to call special attention of the jury to a part only of the evidence and the fact it tends to prove, and to disregard other evidence relevant to the issue.

Error to a judgment of the Circuit Court of Greene county, rendered June 7, 1901, in an action of ejectment, wherein the plaintiff in error and others were the plaintiffs, and the defendants in error were the defendants.

*Reversed.*

The opinion states the case.

*C. F. McMullan* and *John S. Chapman*, for the plaintiff in error.

*John E. Roller*, for the defendants in error.

HARRISON, J., delivered the opinion of the court.

The tract of land sought to be recovered in this action of ejectment lies on the Blue Ridge Mountain, in Greene county,

and contains 21¾ acres. The plaintiff in error claims that the land in controversy is embraced within the boundaries of a deed to himself and his brother, Nicholas H. Haney, the father of his co-plaintiffs in the court below, from Armistead Long and wife, dated November 29, 1849, and that they have been in continuous adverse possession of the same under said deed from its date until dispossessed by the defendants in April, 1901.

Upon the trial, the defendants sought to maintain the issue on their part by the evidence of Wesley Knight, under whom they claim, who testified that he, after buying the land, and before paying for it, had a conversation with the plaintiff in error and asked him if he, James A. Haney, claimed any part of the land which he, Knight, had bought from Col. Hill, commissioner, and that if he did he should come down with him and see Col. Hill about it; and that the plaintiff in error said, I don't suppose you want to claim any further than my fence, or want to claim the strip in my field; that he, Knight, replied that he did not claim that strip, and that the plaintiff in error then said "all right; if that is the case, go on and pay for the land"; that he, Knight, did go on and pay for the land, and got a deed therefor. The plaintiffs moved the court to exclude this evidence, which motion was overruled, and this action of the court is made the subject of the first bill of exception.

The object of the defendants in offering this evidence was to make out a case of equitable estoppel, and upon that ground to defeat a recovery by the plaintiffs. It is well settled in this State that such a defence is not permissible in an action of ejectment.

In *Suttle* v. *R. F. & P. R. R. Co.*, 76 Va. 284, a case in which the plaintiff sought to establish an equitable estoppel, and upon that to recover, in an action of ejectment, this court held that evidence very similar to that offered in this case was properly excluded; that an action of ejectment could be neither maintained or defended by reliance upon a mere equitable estoppel.

In the case of *Jennings* v. *Gravely*, 92 Va. 377, a case in which the defendants in an action of ejectment sought to prevail by relying upon an equitable title, Judge Keith, speaking for this court, held that the plaintiffs having shown that they were the holders of the legal title, and had a right of possession under it at the time of the commencement of the action, the defendants could not defeat such right by showing an equitable title in themselves.

These two cases show conclusively that it was error to overrule the plaintiff's motion to exclude the evidence under consideration. In the case of *Jennings* v. *Gravely*, *supra*, the authorities have been so recently reviewed, and the subject so fully discussed, that it would be unprofitable to repeat here what is there said. The reasons can be read there for the conclusion reached here. A contrary doctrine to that laid down in the cases cited would make the right to land rest upon the slippery memory of man rather than written muniments of title.

The evidence tending to make out a case of equitable estoppel being inadmissible, it was error to give instruction No. 4, set out in bill of exception No. 3, in which the jury are told that, if they believed said evidence, they must find for the defendants.

We are further of opinion that it was error to give instruction No. 3, set out in bill of exception No. 2, which is as follows:

"If the jury believe from the evidence that the defendant's title papers embrace a small strip of land within the plaintiff's fence, of about the width of two corn rows, and containing the fraction of an acre, and that said fence is near the line between the plaintiff's home place and the land in controversy, and that a road runs along said fence on the lands in controversy, and that from the location of said fence in its relation to the boundary-line, the road, and the other features of said land at that point, the true owner of the land would reasonably have supposed that it was put there by mistake, or that the fence was so near the true line that he would hardly have observed that it was lo-

cated on his land, then, in either aspect, the possession of said strip of land is not such an open and notorious possession as to give to the plaintiff title by adverse possession of all the lands embraced in the deed from Long to Haney, and you should find for the defendant."

This instruction sets out certain facts relied on by the defendants tending to show that the plaintiffs took possession of the land in controversy by mistake, and without the intention of holding it adversely, ignoring the countervailing evidence of the plaintiff relevant to that issue, and tells the jury that if they believe those facts, the possession of the plaintiffs is not such an open and notorious possession as to give to them title by adverse possession of all the lands embraced in the deed from Long to Haney, and that they must find for the defendants. It is true, adverse possession depends upon the intention with which the possession is taken and held; and, while the intention to claim title must be manifest, it need not be expressed. But whether or not the plaintiffs took possession by mistake, or without the intention of claiming title, is a question for the jury, and it was error to submit that question to the jury upon certain facts and circumstances relied on by the defendants, ignoring the countervailing evidence, relevant to the issue, relied on by the plaintiffs.

This court has repeatedly held that an instruction must not call special attention to part only of the evidence and the fact it tends to prove, and disregard other evidence relevant to the matter in issue. *Seaboard R. Co.* v. *Joyner,* 92 Va. 354; *Hansbrough* v. *Neal,* 94 Va. 722; *Montgomery's Case,* 98 Va. 852; *Boush* v. *Fidelity and Deposit Company, ante* p. 735.

For these reasons, the judgment complained of must be reserved, the verdict set aside, and the cause remanded for a new trial to be had, not in conflict with the views expressed in this opinion.

*Reversed.*