Statement.

## Staunton.

HURLEY v. CHARLES.

September 9, 1909.

1. EJECTMENT—*Plaintiff's Title—Common Source—How Defendant Connected.*—A plaintiff in ejectment need not show title beyond the common source with the defendant. He may show that common source by proper proof, but he cannot connect the defendant with the common source of title by proof of a parol purchase of the land. Such evidence would not be admissible on the part of the defendant to sustain his case, and the plaintiff will not be allowed to make out his case by its introduction.

2. EJECTMENT—*"Court Right"—Subsequent Locators.*—The use of a court order made in pursuance of section 2339 of the Code, or a "court right" as it is sometimes called, is only intended to affect those who have become locators since the date of the order, and not those who have previously acquired rights. A plaintiff in ejectment may properly be denied the right to introduce such an order unless he will avow that he will show that the defendant or those under whom he claims, were subsequent locators.

Error to a judgment of the Circuit Court of Buchanan county in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Finney & Stinson, S. M. B. Coulling* and *W. A. Daugherty,* for the plaintiff in error.

*Ayers & Smithdeal* and *A. A. Skeen,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of ejectment was instituted by Eli Hurley to recover of H. G. Charles an undivided moiety of a tract of land in Buchanan county.

The plaintiff derived his title from Jonathan Hurley, Jr., while the title of the defendant rested upon a deed of record from one Shade Dotson. In order to show that Jonathan Hurley, Jr., was the common source of title of both parties, and to thereby establish a prior legal title in himself, the plaintiff offered to prove that the defendant claimed under a parol sale by Jonathan Hurley, Jr., to his grantor, Shade Dotson. The action of the circuit court in sustaining the defendant's objection to the introduction of this evidence constitutes the first assignment of error; it being insisted that the plaintiff had the right to show that both the defendant and himself claimed under a common source of title.

There is no question that, in ejectment, the plaintiff need not show title beyond the common source, and that he may establish by proper proof the existence of such common source. The question here, however, is how the plaintiff may connect the defendant with such common source, or by what character of evidence it may be done. In this case the plaintiff seeks to connect the defendant with the alleged common source by proof of a mere parol contract. No authority is cited, and we have been unable to find any bearing directly upon the question whether or not a parol purchase of real estate is admissible on the part of the plaintiff to connect the defendant with a common source of title. If a parol sale of land be binding at all, it would only be an equitable claim of title, and could not be set up by the defendant as a defense in an action of ejectment. That the parol sale offered in evidence in this case by the plaintiff and rejected by the court would not have been admissible, whether such sale was enforceable in equity or not, see Code, sec. 2741; *Jennings* v. *Graveley,* 92 Va. 377, 23 S. E. 763.

In the case cited it is said that "Although a defendant in ejectment may be clothed with a perfect equitable title, it is no defense as against a plaintiff holding the legal title, with immediate right of possession, unless the defendant can bring himself within the terms of the statute (section 2741, Code) requiring him to vouch a contract in writing stating the purchase and the terms thereof, signed by the vendor or his agent. The statue was dictated, not by a general, but a restrictive policy, and its scope will not be enlarged."

In *Davis* v. *Teays,* 3 Gratt. 283, it is held that the written contract itself must be produced to the jury, and that parol evidence of its contents is inadmissible, though it may have been lost or destroyed.

If the proof in question is not competent and admissible under the rules of evidence in ejectment to enable the defendant to sustain his case, it would hardly seem reasonable or just to allow the plaintiff to make out his case by its introduction.

The second assignment of error is to the action of the circuit court in refusing to permit the plaintiff to introduce an order of the County Court of Buchanan county, or "court right," as it is sometimes called. The bill of exception shows that the court refused to permit the introduction of this order unless the plaintiff would avow that he would show that the defendant, or those under whom he claimed, were subsequent locators. This the plaintiff refused to do.

The ruling of the court on this point was clearly in accordance with the statute under which the court order sought to be introduced was obtained. Code of Va., 1904, section 2339. That section provides, in part, as follows: "The said record shall be conclusive evidence in any controversy between the claimant thereunder and any person claiming under a location of the said land made after the date of such order."

This language is clear and needs no construction. It expressly limits the use of the court order as evidence to those who have become locators since the date of the order. The pro-

ceeding provided for by this statute is purely *ex parte,* without notice to anyone, and was manifestly and properly only intended to affect subsequent locators of the same land, and not those who had previously acquired rights.    In view of the refusal of the plaintiff to avow that the defendant claimed by reason of rights acquired subsequent to the date of the court order sought to be introduced, it was proper to reject such order as evidence.

The judgment must be affirmed.

*Affirmed.*