𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CASSELMAN AND BROWN V. BIALAS.

March 9, 1911.

1. EJECTMENT—*Plaintiff's Title—Common Source.*—Where the plaintiff in ejectment shows title through a deed from the defendant both parties derive title from a common source, and there is no occasion for the plaintiff to trace his title further.

2. EJECTMENT—*Plaintiff's Title and Possession—Presumption.*—As a general rule a plaintiff in ejectment must show a legal title in himself, and a present right to possession under such title. In the absence, however, of evidence to the contrary, the law presumes that the right of possession is incident to and follows the legal title.

3. DEEDS—*Possession of Grantor After Conveyance—Tenant at Will.*—After conveyance by a grantor in possession, he becomes by operation of law a mere tenant at will of his grantee, and upon the latter's demand of possession the possession of the grantor becomes unlawful as to the grantee.

4. EJECTMENT—*Defense—Equitable Estoppel.*—It is the settled doctrine in this State that an equitable estoppel cannot be set up as a defense to an action of ejectment.

Error to a judgment of the Circuit Court of Henrico county in an action of ejectment. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Samuel A. Anderson* and *Alexander H. Sands,* for the plaintiffs in error.

*A. B. Dickinson* and *Charles Poe,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

8

This writ of error brings under review the judgment of the Circuit Court of Henrico county in behalf of the defendant in error (the plaintiff below) in an action of ejectment involving the title to 1,200 acres of land lying in the counties of Henrico and Charles City, and known as "Edge Hill farm."

There are but two principal questions presented by the record. The first question involves the sufficiency of plaintiff's evidence (upon a demurrer to the evidence) to warrant a recovery; and the second, the action of the court in sustaining plaintiff's motion to strike out all of defendant's evidence because it does not bring him within the terms of section 2741 of the Code. We shall consider these propositions in the order in which they are stated.

Plaintiff, in making out his chain of title, introduced in evidence a deed from the defendant, Casselman and wife, dated September 18, 1907, and duly recorded, conveying to him the fee simple title to the land in controversy. He also placed in evidence a letter dated April 26, 1909, from his counsel to the defendant, demanding possession of the land, and Casselman's reply, setting forth his reasons for refusing to yield possession. Whereupon the defendant demurred to the evidence, and the jury having returned a verdict in the usual form, the court overruled the demurrer, and entered judgment upon the verdict for the plaintiff.

The grounds of demurrer to the evidence submit two general propositions, namely, that the plaintiff failed to show sufficient title in himself to maintain the action (that he neither traced title to a common source nor to the Commonwealth) ; and, moreover, that he failed to show present right of possession to the land in himself.

Both grounds of demurrer are without merit. Plaintiff claimed title to the land through the defendant, and maintained the contention by exhibiting in evidence the deed to which reference has already been made. Obviously, there-

fore, both parties derived title from a common source, and there was no occasion for the plaintiff to trace his title further. *Chesterman* v. *Bolling,* 102 Va. 471, 46 S. E. 470; *Hurley* v. *Charles,* 110 Va. 27, 65 S. E. 468.

It is true, as a general rule, that a plaintiff in ejectment must show a legal title in himself, and a present right of possession under such title. Code, sec. 2725. In the absence, however, of evidence to the contrary, the law presumes that the right of possession is incident to and follows the legal title.

In this case, Casselman's possession was admitted. After his conveyance to the plaintiff, by operation of law, he became a mere tenant at will of his grantee, and upon demand by Bialas his possession, as to him, was unlawful. *Pownal* v. *Taylor,* 10 Leigh 173, 182, 34 Am. Dec. 725; *Creigh's Heirs* v. *Hudson,* 10 Gratt. 231; *Bowie* v. *Poor School Soc.,* 75 Va. 300; *Mallett* v. *Wright,* 120 Ga. 735, 48 S. E. (Ga.) 229, 232.

The court's ruling in striking out the defendant's evidence is made the ground of the second assignment of error.

The defendant sought to show, under section 2741, that, claiming through Snowden, the alleged vendee of Bialas of "Edge Hill farm," he had paid the entire purchase price, and was in equity entitled to a conveyance of the legal title without condition. A recapitulation of the rejected evidence is unnecessary. It has been examined with great care, and falls far short of bringing the defendant within the influence of section 2741. The contract of sale does not stand alone, but constitutes part of an agreement of exchange between Bialas and Snowden, including, in addition to "Edge Hill farm," four lots in the city of Pittsburg, and the Nansemond apartment house in the city of Washington. It is conceded that the agreement of exchange was never consummated, but wholly repudiated by Bialas. It is not worth while to inquire who was at fault in that trans-

action. For the purposes of this case it is sufficient to know that the stipulation for the sale of "Edge Hill farm" was an inseparable part of the main agreement. That fact alone fully justified the court in striking out defendant's evidence.

It is the settled doctrine in this State that an equitable estoppel cannot be set up as a defense to an action of eject-ment. *Davis* v. *Tebbs,* 3 Gratt. 283, 290; *Suttle* v. *R. F. & P. R. Co.,* 76 Va. 284, 290, 291; *Jennings* v. *Gravely,* 92 Va. 317, 379, 23 S. E. 763; *Haney* v. *Breeden,* 100 Va. 781, 782-3, 42 S. E. 916.

In *Jennings* v. *Gravely, supra,* the court held: "Although a defendant in ejectment may be clothed with a perfect equitable title, it is no defense as against a plaintiff holding the legal title with immediate right of possession, unless the defendant can bring himself within the terms of the statute (section 3741, Code) requiring him to vouch a con-tract in writing, stating the purchase and the terms thereof, signed by the vendor or his agent. The statute was dic-tated, not by a general, but a restrictive policy, and its scope will not be enlarged."

We are of opinion that in both aspects of the case the judgment of the circuit court was plainly right, and should be affirmed.

*Affirmed.*