EVERETT T. REED v. JOSEPH D. SHORT.

(*October* 14, 1946.)

RICHARDS, C. J., sitting.

*James M. Tunnell, Jr.,* for plaintiff.

*Isaac D. Short, II,* for defendant.

Superior Court for Sussex County, Ejectment, No. 24, October Term, 1945.

RICHARDS, C. J.:

■ ■ It is contended on behalf of the plaintiff that the defendant is not entitled to be heard on his reasons based upon the Court's refusal to grant his motion for a non suit, because said motion for a non suit was not renewed before the close of the case in form of a motion for a directed verdict, relying upon *Lewes Sand Co. v. Graves*, 1 *Terry* 189, 8 *A.* 2*d* 21, and *Emerson v. Universal Products Co.,* 6 *W. W. Harr.* 543, 546, 179 *A.* 383. I agree with the principle which these cases stand for, and if the refusal to grant defendant's motion for non suit was the only reason relied upon by him in his motion for a new trial I might feel compelled to deny said motion. But where there is the additional reason for a new trial that the verdict was against the law, as in this case, I think the defendant is entitled to rely upon any ruling made by the Court throughout the trial upon the law governing the case.

■ There seems to be no dispute between the plaintiff and defendant as to the legal principle, that in order for the plaintiff to recover in an action of ejectment, he must prove his chain of title back to the sovereign, or trace it back to a common grantor or to some grantor in possession. 18 *Am. Jur.* 27; *Florida Southern Ry. Co. v. Burt,* 36 *Fla.* 497, 18 *So.* 581; *Hicks v. Burgess,* 185 *Ala.* 584, 64 *So.* 290; *Daubenbiss v. White,* 3 *Cal. Unrep. Cas.* 590, 31 *P.* 360; *Priester v. Melton,* 123 *Ga.* 375, 51 *S. E.* 330; *Start v. Clegg,* 83 *Ind.* 78; *Gist v. Beaumont,* 104 *Ala.* 347, 16 *So.* 20.

■ The principle that the plaintiff makes out a prima facie case by tracing his title back to the sovereign was recognized by this Court in the case of *Wedderburn v. Burbage,* 5 *W. W. Harr.* 229, 162 *A.* 515.

The plaintiff introduced in evidence a deed of bargain and sale from Robert C. Jones, widower, dated January 23,

1945, which he contends conveyed to him the marsh land in question together with a larger tract of land. He also introduced in evidence various deeds to those under whom he claims, and an assignment by the Orphans' Court of this County accompanied by a plot showing said marsh land, by which he traced his title back to 1845.

The defendant admits that the plaintiff has the legal title to the land conveyed to him by Robert C. Jones, widower, but contends that it does not include the marsh land involved in this suit.

The defendant further contends that there was no evidence that the plaintiff or any of the persons under whom he claims ever had actual possession or occupancy of the particular piece of marsh land in dispute in this case.

The defendant introduced in evidence a deed of bargain and sale, dated July 29, 1920, from William Henry Draper and Effie Reed Draper, his wife, conveying to him the particular piece of marsh land in question together with a larger tract of land. He traced his title to the land by various deeds to those under whom he claims back for more than one hundred years.

A plot was introduced in evidence which the plaintiff and defendant agreed correctly showed the location of the particular piece of marsh land involved in dispute.

The defendant now takes the position that it is not sufficient for the plaintiff to prove his title to the land, by proving conveyances to him and those under whom he claims, but that he must prove in addition thereto acts of ownership exercised over the particular piece of marsh land in dispute. He claims that the plaintiff failed to do this.

[5] In reply to this argument this plaintiff admits that where a plaintiff does not hold under a deed or other

instrument giving title or color of title, he must prove possession of every portion of the land he claims, but that where a plaintiff occupies a part of the land which he claims under a deed or other instrument giving title or color of title the occupancy is extended by imputation of law to the entire tract.

This position of the plaintiff is recognized and supported by a great many authorities. *Casselman v. Bialas,* 112 *Va.* 57, 70 *S. E.* 479; *Jones' Hrs. v. Spradling et al.,* 9 *Ky. Law Rep.* 756, 7 *S. W.* 31; *Ashton v. Ashton,* 11 *S. D.* 610, 79 *N. W.* 1001; *Carlisle v. Stitler,* 1 *Pen. & W.* 6; *Matthews v. Ward,* 10 *Gill & J.* 443, 23 *Md. Ct. of Appeals* 287; *Bouvier v. Baltimore & N. Y. Ry. Co.,* 65 *N. J. L.* 313, 47 *A.* 772; *Cornelius v. Ivins,* 26 *N. J. L.* 376; *Fitzpatrick v. Garver,* 253 *Mo.* 189, 161 *S. W.* 714; *Deering v. Reilly,* 38 *App. Div.* 164, 56 *N. Y. S.* 704; 167 *N. Y.* 184, 60 *N. E.* 447; *Bright v. Stephens,* 1 *Houst.* 31; *Goodright v. Cator,* 99 *Eng. Repr.* 304.

In the Pennsylvania case of *Carlisle v. Stitler, supra,* it was held that entry upon the land was not necessary in any case in Pennsylvania in order to enable the person who has title thereto to recover the possession. In the Maryland case of *Matthews v. Ward, supra,* the same rule is announced. The New Jersey cases of *Bouvier v. Baltimore & N. Y. R. Co., supra* and *Cornelius v. Ivins, supra,* support the principle that actual entry upon the land is not necessary to maintain an action of ejectment. In the Missouri case of *Fitzpatrick v. Garver, supra,* it was held that right of possession in the plaintiff was sufficient to support an action for the recovery of land. The New York case of *Deering v. Reilly, supra,* followed the principle that the plaintiff having the legal title was presumed to be in possession.

The Delaware case of *Bright v. Stephens, supra,* is

directly in point. An action of ejectment was brought for a vacant lot in the City of Wilmington. One of the defenses relied upon by the defendant was that the several grantors in the respective conveyances produced in evidence on the part of the plaintiff, and through whom he traced his legal title, were all out of possession of the premises when their deeds were executed. In charging the jury Wootten, Judge, stated that it was not necessary for the plaintiff to prove, according to the principle of law as long recognized and established in this State on the subject, that the parties under whom he claims were in actual possession of the lot, or any portion of it, at the time they sold or conveyed their interest to him, provided the jury was satisfied from the evidence before them, that such parties had a good title to the premises at the time of their sale and conveyances to him. He further charged the jury that the principle of the action as recognized here does not require possession of the premises by the grantor in order to convey a legal title to land in this State.

In the English case of *Goodright v. Cator, supra,* which was an action of ejectment brought to recover the possession of certain lands Lord Mansfield had the following to say: "We have looked very particularly into the cases for two hundred years back, and we find a great deal of contrariety on the question, whether an actual entry is necessary, in order to maintain an ejectment, on a clause of re-entry, for non-payment of rent: but, in the most distant period, the better opinion has been, that it is not. This was Lord Hale's opinion, and is mentioned as such, and as that of Lord Chief Justice Scroggs, by Lord Holt, in the case of *Little v. Heaton* [1 *An. N. Pr.* 2 *Ld. Rayn.* 750]. But we look upon it as having been fully settled in 1703, by the opinion of all the Judges, upon deliberation, and consideration of all the cases, that actual entry * * *, is only neces-

sary to avoid a fine; * * * and so the practice has been ever since. The reason of the thing is agreeable to the practice, for it is absurd to entangle men's rights in nets of form without meaning; and an ejectment being a mere creature of the Court framed for the purpose of bringing the right to an examination, an actual entry can be of no service."

The Delaware case of *Bright v. Stephens, supra,* seems to be decisive of the question that where the plaintiff in an ejectment case establishes his title to the land by proving conveyances to him and those under whom he claims it is not necessary for him to prove actual possession of the particular piece of land in dispute. I realize that this case was decided a long time ago but I have not been able to find any decision since that time which holds to the contrary.

In the case of *Pleasanton v. Simmons,* 2 *Penn.* 477, 47 *A.* 697, 699, both the plaintiff and defendant claimed title under a deed from Manlove Hayes, who was admitted to have had a good fee simple title to the premises when he conveyed the same by deed, but said deed was never recorded and at the time of the trial was shown to be lost or destroyed. In charging the jury Spruance, J., said: "that deed vested the legal title in some one, and, if you are able to determine from the evidence who that person was, it is immaterial whether all or any of the price or consideration money of said conveyance was paid or furnished by that person or by some one else".

The plaintiff having proved the legal title to the land by deed from Robert C. Jones, widower, and traced his title by various other deeds to those under whom he claims and an assignment in the Orphans' Court back to 1845, it was not necessary for him to prove actual possession of the particular piece of land in dispute.

The defendant in addition to proving his legal title to the land by deed from William Henry Draper and Effie Reed Draper and by various other deeds to those under whom he claims for more than one hundred years, contends that for more than twenty years next preceding the commencement of the cause of action, towit, from July 29th, 1920, to and including the cause of action, he had been in actual, open, notorious, exclusive and continued possession under claim of right, of the particular piece of land which was in dispute; and that he erected poles or stakes to designate the division line between the lands owned by him and the lands owned by those under whom the plaintiff claims, that he cut ditches on and across certain lands, trapped muskrats thereon, erected buildings thereon, and openly and notoriously exercised other acts of ownership from the said twenty-ninth day of July 1920, all of which was known to the plaintiff and those under whom he claims. In other words, he claimed that he had acquired title to the particular piece of land in dispute by adverse possession.

The plaintiff introduced evidence to show that Robert Jones, Sr., who conveyed the land to him claimed title to the particular piece of land in dispute and had the same surveyed in the presence of the defendant, Joseph D. Short, in 1938, by two surveyors, Mr. Clarence Lank and Mr. Webster Warren. The following question was asked him in reference to the line established by these surveyors: "It was about right with the edge of the shanty. After these two surveyors had put down the two stakes and the bush did you have any conversation with Mr. Short about that?" To which he made the following answer, "Well, Yes, sir; We were all talking about it. Mr. Short said if it wasn't his he did not want it. He said 'you come down'. We did not have stakes there, you see, this day; but put up only these two; we picked up two stakes there and then

tied it with the bush for the third one." The witness was then asked this question, "you were short of suitable stakes that day?" To which he replied, "Yes. He said, 'you come down',—I agreed to come down—'and put in your end' as soon as I could get stakes". The witness was then asked this question, "He said as soon as you could get the stakes?" To which he answered, "As soon as we could get the stakes" The witness was then asked this question, "What, if anything, was said about the poles?" To which he responded, "He said 'them poles right there is alright'. He said 'just come down'; we will carry them over and put them on the line". The witness further testified that this conversation had with the defendant, Joseph D. Short, on the particular piece of land in dispute was in the presence of his son, Robert Jones, Davis Jefferson, Percy Stevenson, Elwood Stevenson, Arthur Dodd and a number of other persons. All of the parties above mentioned testified that they were present when this conversation took place and in substance corroborated the witness Jones as to what was said.

The defendant Short admitted that he was present when the survey was made by Mr. Lank and Mr. Warren and practically admitted that he had the conversation which Mr. Jones testified to. But the defendant testified that he later wrote Mr. Jones that he was not satisfied with the line established by these surveyors and that he would have the lines surveyed by another surveyor and would inform Mr. Jones when said survey would be made. According to the testimony this proposed later survey was never made. The testimony above referred to shows that the plaintiff's grantor, Robert Jones, claimed the particular piece of land in dispute as late as 1938 and that the defendant Short knew of said claim.

I have referred to this testimony and quoted therefrom

in order to show some of the facts which the jury had before it when it took the case for consideration.

I can not agree that error was committed in failing to charge the jury, that a single instance of attempted interruption of adverse possession resulted in no actual interruption and followed by no attempt to test the right does not necessarily destroy its continuity. It would have to depend in every case on what the single instance of attempted interruption consisted of and what the exact results of said interruption were.

It must be conceded that the plaintiff must recover upon the strength of his own title and cannot rely upon the weakness of the defendant's title. *Pleasanton v. Simmons*, 2 *Penn.* 477, 47 *A.* 697.

The case was well tried by counsel on each side and the facts in connection with the contentions of the parties were clearly presented to the jury.

After deliberation the jury rendered its verdict in favor of the plaintiff and I see no reason why that verdict should be disturbed.

Motion for a new trial denied.