Nash, J.
 

 We concur with his Honor, the presiding Judge, who tried the cause below, both in admiting the testimony objected to, and in his charge. The evidence objected to was the grant by George the 3rd to Selwyn ; and upon the ground that the State had granted the same land t.o the defendant in June 1842. The sovereign can not be estopped. It acts by agents and is a trustee for the people, and for their benefit, the truth may always be shown.
 
 Taylor
 
 v.
 
 Shuford 4
 
 Haw. 132.
 
 Candler
 
 v.
 
 Lunsford,
 
 4 Dev. & Bat. 407, is to the same effect, with the additional principle, that when the sovereign is not bound his assignee is not. These authorities only sustained his Honor in this part of the case. The charge delivered by the Court divides itself into two branches, and in each his Honor was correct. The first was, that as the defendant and Black had for thirty years had a continuous adverse possession of the land in question, up to known and visible boundaries, they
 
 ought
 
 to presume a grant, that is, that the law presumed a grant and they ought so to find. The case of
 
 Fitzgerald
 
 v.
 
 Norman,
 
 N. C. T. R. 131, which is the leading case in this State, states, that such a possession for thirty-five years raises the legal •presumption of a grant, and that of
 
 Candler
 
 v.
 
 Lunsford
 
 cuts down the time to thirty years. Less time than thirty years has never been permitted in this State to raise this presumption of law, nor are we disposed to admit it,
 
 *113
 
 under a shorter period. The case states, that the boundaries of the tract were well known and visible ; that Black had opened and cleared up different portions of the land and enclosed them, and had been in the actual adverse possession for thirty' years and upwards, and had continually claimed up to the boundaries, by using the wood-land as his own, and that the defendant who had married his daughter, had, since his death, continued the possession. Under these circumstances, if the jury believed them, they were instructed to find that the law presumed a grant. In the second place, his Honor instructed the jury, that if they should not be satisfied, that the possession of the defendant and Black had continued for thirty years, but only for twenty-five, yet if it were a continued adverse actual possession for that length of time, accompanied by a continued claim of ownership, up to the known and visible boundaries for five years more, they were at liberty to find, as a matter of fact, that a grant had been issued, if from the circumstances they were satisfied such was the fact. We see no error in this portion of his charge. It is in strict accordance with the decision oí this Court in this case when before us heretofore. 7th Ir. 135. This Court on that occasion said, that the actual possession of Black, for twenty-five or thirty years, accompanied with a claim and the exercise of acts of ownership and of dominion up to a well defined boundary, was evidence that ought to have been left to the Jury to presume a grant of the land to Black or those under whom he claimed. This was done by his Honor in this case. His Honor was careful to tell the jury, what he meant as to the acts of ownership, which were to accompany the actual possession. They were such acts as persons usually exercise over their owh land — such as clearing and cultivating new fields, and turning but old ones, when worn out, and cutting timber
 
 *114
 
 promiscuously. These directions were an answer to the second and third objections made by the plaintiff.
 

 Per Curiam.
 

 .Judgment affirmed.