81   668
101   793

# Richmond.

## HOLLINGSWORTH V. SHERMAN AND ALS.

### DECEMBER 17th, 1885.

1. PRACTICE AT COMMON LAW—*Judgment by court—Evidence certified—Rule.*—Where neither party requires a jury, and the whole matter of law and fact are heard and determined and judgment given by the court, and the whole evidence is certified by the court in the bill of exceptions, the bill must be regarded as a demurrer to evidence by the plaintiff in error.

2. LANDS—*Adversary possession—Limitations.*—The period of time necessary to ripen possession, under claim of right, into complete title, is determined by the limitations provided by law when plaintiff's right of action first accrued.

3. IDEM—*Idem—Bar of limitation.*—The possession requisite to bar plaintiff's right of entry must be actual, exclusive, uninterrupted, visible, notorious, and hostile, and must continue during the whole period of statutory limitation. Its character, however, depends upon the situation of the land and the condition of the country.

4. IDEM—*Idem—Possession under color of deed.*—If one merely assumes possession with claim of right, his ouster of plaintiff and his own possession extend no further than what he actually occupies, cultivates, encloses, or otherwise excludes the owner from. But if he enters under color of deed or other writing, he acquires actual possession to the extent of the boundaries contained in the writing.

5. IDEM—*Idem—Privity—Continuity.*—When several persons enter upon land in succession, the several possessions cannot be tacked so as to preserve the essential continuity unless there is privity of estate between them, or the several estates are connected. But one cannot sustain his defence of adversary possession if, during the period of

limitation, the possession has been abandoned by him or those under whom he claims.

6. IDEM—*Idem—Act-saving remedies* —If the statutory period necessary to ripen adversary possession into complete title had not elapsed when tenant abandoned possession, he had acquired no right capable of preservation by the act of March 2d, 1867.

Error to judgment of circuit court of Rockingham county, rendered April 25th, 1884, in certain actions of ejectment pending therein in the name of Emily Hollingsworth, plaintiff, against Jacob Funkhouser, defendant; same against Hiram Coffman and als.; same against B. M. Rice and als.; same against Wm. H. Michael and als.; and same against John W. Sherman and als.

The plaintiff claimed a large boundary of land under a grant dated in 1795. The defendants, disclaiming as to the rest, set up title to eighteen and three-quarter acres, lying within that boundary, by adversary possession under a previous grant during the statutory period of limitation. A jury being waived, and all matters of law and fact being submitted to the court for determination, the court gave judgment against the plaintiff, who, having excepted to the judgment, and had the evidence certified by it, obtained from one of the judges of this court a writ of error.

Opinion states the case.

*John E. Roller* and *John S. Wise,* for the plaintiff in error.

*Sheffey & Bumgardner* and *G. W. Berlin,* for the defendants in error.

LACY, J., delivered the opinion of the court.

The plaintiff in error, claiming under a grant from the Commonwealth of Virginia to Levi Hollingsworth, dated Septem-

ber 17th, 1795—the Hollingsworth survey of 52,757 acres
lying in the counties of Augusta and Rockingham, in the State
of Virginia, and the county of Pendleton, in the State of West
Virginia—on the 7th day of May, 1883, brought her actions
of ejectment in the circuit court ·of Augusta county, wherein
the said lands lie, which actions were subsequently removed
to the circuit court of Rockingham county.

The defendants disclaimed title to any of the lands in the
plaintiff's declaration mentioned, except the eighteen and three-
quarter acres embracing the Union Springs, granted to Abram
Click by the Commonwealth of Virginia by patent dated
December 1st, 1835, as to which tract they pleaded not guilty.

The cases coming on to be heard together, the matters of
law and fact were, by consent, submitted to the court, and a
jury being waived and the evidence heard, judgment was ren-
dered for the defendants.   From this judgment the plaintiff
applied to this court for a writ of error, which was awarded.

The evidence having been certified to this court, the case is
heard here upon the well understood principles which govern
a demurrer to evidence.   The defendants having entered under
a previous patent, their claim is dependent upon the length
and character of their possession.   The period of time neces-
sary to ripen their possession under claim of title into a com-
plete title is determined by the limitation provided by law,
when the plaintiff's right of action first accrued.   Click's patent
was obtained December 1st, 1835, and conveyed by him by
deed to the defendants June 15th, 1838, when the possession
of the defendants began to be evidenced by acts of ownership,
such as clearing and building, &c.

The act of February 5th, 1831, in the supplement to the
Revised Code of 1819, page 201, was the law which defined
the limitation to the owner's right of action to recover the pos-
session, which, under that act, was twenty-five years.   Section

2, chapter 201, Sup. Rev. Code 1819.   And the right of action existing when the entry was made by the defendants under the Click deed is barred only, as it was liable to be barred, under the laws then in force.   See Code 1849, ch. 149, sec. 19; Code 1860, ch. 149, sec. 19; Code of 1873, ch. 146, sec. 22.

This possession, however, to bar the plaintiff's right of entry must continue, not only through the period of statutory limitation, but it must be of the quality and character which the law requires.   It must be uninterrupted, honest, and adverse. Such possession for the period prescribed by the statute, not only gives a right of possession which cannot be divested by entry, but also gives a right of entry and of action, if the party is plaintiff, which will enable him to recover, even against the strongest proof of a title, which, independently of such continued adversary possession, would be a better title.   This possession must be adverse, grounded upon an ouster or dispossession of the real owner; a possession under claim of title, is in reference to conflicting claims and the statutory prescriptive bar; it must consist of an *actual, exclusive, continued, visible, notorious, and hostile* possession *under a colorable claim of title.*

Such is the possession necessary to avail against the constructive *seisin* of the prior patentee.   The mere entry by him or his agent is not enough.   It is not necessary that the land should be enclosed or built upon, but the entry must be made under a claim of title, with the intention of taking possession, and being accompanied with such visible acts of ownership as from their nature indicate a notorious claim of property in the land.   The character of the acts necessary to give to the party the *seisin* required, varies with the situation of the land and the condition of the country.

The land in controversy in this case appears, from the evidence, to be a piece of mountainous land, containing a spring of value.   The possession which has been taken of it was the

laying off of a square around the spring, the laying off of lots, and the erection of temporary cabins for summer use, which were occupied during the summer and left tenantless for the remainder of the year, being used as a sort of summer resort or watering-place from 1839 up to the year 1860. During this time there was more or less of this sort of occupation, when the use and occupation ceased altogether, and the place was entirely abandoned until the year 1867, when a more permanent and substantial possession was taken of it. This suit, as has been said, was instituted by the plaintiff, claiming under the constructive *seisin* of her ancestor in 1795.

The defendants claim that the period of limitation had long since run, and their title had been perfected by reason of their adverse possession before the suit of the plaintiff was instituted. The plaintiff seeks to excuse her delay in bringing her suit upon the ground that her ancestor conveyed this property to trustees in 1824, to pay debts, and that the debts were only fully paid and the land released by the trustees in 1880, and that, until the release to her, she could not maintain ejectment. Citing *Hopkins* v. *Ward,* in this court, reported in 6 Munf. 38; *Syrus* v. *Alleson,* 2 Rob. R. 210; *Lincoln* v. *French,* 15 Otto, 614; *Pratt* v. *Pratt,* 6 Otto, in the Supreme Court of the United States, and *Coulter* v. *Phillips,* 20 Pa. St. R. 155, and other cases.

But the question arising in this case is not whether she could sue, or the trustees could sue, to recover the land held under the trust deed. In this case, neither the grantor in the deed, the ultimate *cestuis que trust,* nor the trustee did sue, until the release by the trustee; and if, as claimed by the plaintiff, she could not sue until the release to her, or until the debt was satisfied, it cannot be claimed that the person clothed with the legal title could not maintain ejectment under our statute. *Hopkins* v. *Stephens,* 2 Rand. 422; *Jones* v. *Comer,* 5 Leigh, 381; *Poage* v. *Bell,* 8 Leigh, 604.

The question here, as we have already said, is as to the character of the possession of the defendants and its duration. The principles involved in the discussion of these questions are among the most familiar known to the law, and are well settled. If a party enter, not under any deed or written title, but merely assumes possession with a claim of right, his ouster of his predecessor, and his own subsequent possession extends no farther than what he occupies, cultivates, encloses, or otherwise excludes the owner from. If he enter under color of title by deed or other writing, as in this case, the defendant, Click, has the Commonwealth's patent, and the other defendants the Click deed. In such case, while they take nothing superior to the plaintiff's claim by the said patent or deed, and they are dependent upon their possession to perfect their title, the law holds that they acquire an actual possession, to the extent of the boundaries contained in the writing.

In the case of conflicting grants from the Commonwealth to different persons, where the older patentee has had no *actual* possession, and the later patentee enters upon the land and takes and holds possession of any part thereof, claiming title to all within the bounds of his grant, it is an adversary possession of the whole, to the extent of the limits of the later patent, and to that extent it is an ouster of the *seisin* or possession of the older patentee, as to these lands.

An essential requisite to constitute an adverse possession that will be efficacious under the statute, is continuity, and whether a possession is to be regarded as continuous or not, when taken by different persons, depends upon the circumstances. If one merely enters and commits a trespass, andthen goes off, and another comes after him and commits a trespass, it is not to be denied that there is no privity between these persons, nor can the possession be said to be continued from one to the other.

It is, indeed, a principle well established that where several persons enter on land in succession, the several possessions cannot be tacked, so as to make a continuity of possession, unless there is a privity of estate, or the several estates are connected.

Whenever one quits the possession, the *seisin* of the true owner is restored, and an entry afterwards by another wrongfully constitutes a new *disseisin*. The continuity of possession having been broken before the expiration of the period of time limited by the statute of limitations, an entry within the time destroys the efficacy of all prior possession, so that to gain a title under the statute, a new adverse possession for the time limited is required. The tenant cannot sustain his defence of continued adversary possession if, within the period of limitation, the premises have been abandoned by him or those under whom he claims. Min. Inst. 2d Vol. 508; Angel on Lim., sec. 413; *Taylor* v. *Burnsides,* 1 Gratt. 208–210; *Overton* v. *Davisson,* 1 Gratt. 223; *Koiner* v. *Rankin,* 11 Gratt. 427; *Cline* v. *Catron,* 22 Gratt. 378; *Davidson* v. *Watkins,* 2 Rob. Rep. 269; 1 Lom. Dig. 797; 2 Smith's Leading Cases, 596; *Pederick* v. *Searle,* 2 Serg. & Rawl. 240; *Andrews* v. *Mulford,* 1 Hay (N. C.), 320; *Park* v. *Cockran,* 1 Hay, 180; *Hood* v. *Hood,* 2 Grant (Penn.), 229; *Wickliffe* v. *Enson,* 9 B. Mon. (Ky.) 253; *Cornelius* v. *Giberson,* 1 Dutcher (N. J.) 1; *Ward* v. *Herrin,* 4 Jones' Law (N. C.), 23; *Bryne* v. *Lowry,* 19 Ga. 27.

It is contended in this case by the defendants in error that if their title had not been perfected by the expiration of the period of time prescribed by the statute of limitations, that the break in the continuity of possession, which occurred during the period of the war, and for the years immediately following its expiration, was cured by the act to preserve civil rights and remedies, passed March 2, 1866, to be found in the Code of 1873, chapter one hundred and forty-six, sections six and seven;

the sixth section of which provides that, "The period between the 17th day of April, 1861, and the passage of this act, shall be excluded from the computation of the time within which, by the terms or operation of any statute or rule of law, it may be necessary to commence any action or other proceeding, or to do any other act to preserve, or to prevent the loss of any civil right." That the defendants in error had, by twenty-two or twenty-three years' possession, acquired a perfect title under their junior grant. But that if it had been necessary under any previous statute or rule of law to continue that possession indefinitely to preserve that right or to prevent its loss, the act renders it unnecessary for the stated period.

But, as we have seen, the plaintiff in error was allowed twenty-five years to re-enter under the law which affected her rights, however complete the adversary possession of the defendant in error had been for any shorter time, and that period, thus prescribed by the statute of limitations, not having run, the said defendants in error had acquired no rights under their claim and possession, and the statute providing for the preservation of civil rights and remedies could have no application to their claim. The statute was not enacted to create a wrong, but to preserve a right. And until their wrongful entry upon the lands of the plaintiff in error had been ripened into a complete title, they had no claim which could avail them against the better title of the plaintiff. And this break in the continuity of their possession is not aided by the provisions of the statute in question.

An application of these principles to this case compels us to hold that a possession which affects the land in question only for a few weeks in each year, which has not been continuous for any one year, nor for any number of years, by any one person in continuous holding, which was abandoned altogether for seven years together, although originally taken under

claim by a written title, has not been such uninterrupted and adverse possession for the period prescribed by the statute as gives a right of possession, which can prevail against the better title of the plaintiff. And it follows that the opinion of the circuit court of Rockingham, that the defendants, or those under whom they claimed, had proved adverse possession of the whole of the eighteen and three-quarter acres from the year 1838 or 1839, down to the institution of these suits, that the possession was held by them in common as a community, and not in severalty, and that there was no break in the possession during the whole of that period, and the consequent judgment of the said circuit court in favor of the defendants, for the said land, is erroneous, and the same must be reversed and annulled.

JUDGMENT REVERSED.