GUARANTY TITLE & TRUST CORPORATION, RECEIVER OF VUE DE L'EAU COMPANY, *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 109.   Argued November 14, 1923.—Decided February 18, 1924.

1. Under the Virginia Code, 1919, § 5805, providing that no person shall make an entry on, or bring action to recover, any land lying east of the Alleghany Mountains, but within 15 years next after the time when the right to do so first accrued to himself or to some person through whom he claims, adverse possession for the required period not only bars the owner's right of entry or action but vests title in the disseisor.   P. 204.
2. The disseisor need not have a deed or writing giving color of title or furnishing foundation for belief or claim of ownership or legal right to enter and take possession; his intention to appropriate and use the land as his own to the exclusion of all others suffices. *Id.*
3. Acts sufficient to apprise everyone of exclusive occupation and use, with unequivocal, emphatic and public assertion of ownership, *held* to have met the requirements of the Virginia law governing title by adverse possession.   P. 205.
4. Where one of two rival claimants in the Court of Claims was rightly awarded the judgment, but payment of the money subsequently appropriated by Congress was withheld because of an ' appeal taken by the other in which the former intervened as appellee, this Court, in affirming the judgment, required the appellant to pay the successful claimant costs and interest on the judgment from the date of the appropriation until funds should be

available for payment of the judgment by the United States. P. 206.

57 Ct. Clms. 620, affirmed.

APPEAL from a judgment of the Court of Claims awarding recovery, for land taken by the United States, to one of two rival claimants of the title.   The defeated claimant, Guaranty Title & Trust Corporation, as receiver, which had intervened in the Court of Claims, took the appeal.   The other claimant, Norfolk-Hampton Roads Company, original plaintiff, was permitted to intervene here as an appellee.

*Mr. E. R. F. Wells* for appellant.

*Mr. H. H. Rumble* for Norfolk-Hampton Roads Company, appellee.

*Mr. Solicitor General Beck* and *Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, filed a brief on behalf of the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

In 1873, the Vue de L'Eau Company, a Virginia corporation, owned a tract of about 294 acres at Hampton Roads, Virginia.   It platted the " Prize Lot Reserve " (hereinafter called the " Reserve "), containing 4.55 acres, into lots and streets.   In January, 1874, after having sold seven of these lots, it made an assignment for the benefit of its creditors and conveyed to trustees all of its land except the Reserve.   Then the company became dormant. No organization was kept up.   It had no directors or officers.   But there was no formal dissolution or surrender of the charter.   Thereafter, no action was taken by or in behalf of the company in reference to this land.   It was allowed to remain in its former condition and to develop forest growth.

The Court of Claims found that in 1899 the Norfolk-Hampton Roads Company purchased a large acreage of land, including that immediately surrounding the Reserve, and, in the language of the findings of fact, ". . . upon purchasing said lands the plaintiff company, [Norfolk-Hampton Roads Company] without any right, title or interest, or claim of right, title or interest, in or to the lots or land of said Prize Lot Reserve, and with full knowledge of the fact that it had no claim of right, title or interest in or to any part of said lots or land, deliberately set about trying to acquire title to said lots and land by adverse possession; and in the course of its efforts to so acquire title thereto, the following action was taken: The plaintiff company . . . took possession of said holdings and from thenceforward to the time of its taking by the Government in June, 1917, treated the land of said Reserve as though it belonged to the plaintiff company. It recorded plats of its said property in which the land of said Reserve was included and indicated as a part of the company's holdings. The company's advertising matter issued in 1899 indicated as belonging to the company lands which included the lands of said Reserve, and said land was included in the company's subdivision known as ' Subdivision No. 1, Norfolk on the Roads,' a plat of which, stating said subdivision to be the ' Property of Norfolk-Hampton Roads Company,' was recorded in the County Clerk's office on June 14, 1901. In the development of its said property, streets were opened and graded through the land of said Reserve; timber was cut therefrom and used or marketed by the company; and bulkheads were built by the company in front of the property to protect it from erosion by the waves and tides. Said company also leased an area of its lands to the Jamestown Exposition Company, in 1907, including therewith said Prize Lot Reserve land as belonging to plaintiff company, and thereafter, upon the termination of the Exposition Company's lease,

said lands were leased by plaintiff company to another tenant, by whom they were occupied for some time. And in general, the land of said Reserve was held out and treated by plaintiff company as being the property of said company. It does not satisfactorily appear who, if anyone, paid the taxes on said land between the years 1874 and 1917."

June 28, 1917, the United States, pursuant to an Act of Congress of June 15, 1917, 40 Stat. 207, took 9.22 acres of land fronting on Hampton Roads for a naval base, made up of the Reserve and 4.67 acres immediately surrounding it. At that time the Norfolk-Hampton Roads Company was in possession of the tract taken. The compensation fixed by the President, $37,000, was not satisfactory. Payment of 75 per cent., as provided by the act, was not made because there was a question as to the title to the Reserve. . The company sued the United States in the Court of Claims. 40 Stat. 207, 208; Judicial Code, § 145. Thereafter, in a suit brought in the Circuit Court of the City of Norfolk, Virginia, against the Vue de L'Eau Company by one of its stockholders, the Guaranty Title & Trust Corporation was appointed receiver of the company to take charge of its property and to prosecute claims and suits for the protection of its rights and interests. The receiver intervened in this case in the Court of Claims, alleging that the Vue de L'Eau Company was the owner of the Reserve at the time of the taking, and that it is entitled to compensation therefor. The Court of Claims found that, at the time of the taking, that part of the tract, title to which is not in controversy, was worth $35,500, and that the Reserve, claimed by both parties, was worth $33,000, and gave judgment in favor of the Norfolk-Hampton Roads Company for the whole $68,500. The receiver appealed. September 22, 1922, Congress made appropriation for the payment of this judg-

ment.  42 Stat. 1052.  The amount fixed as compensation
for the land not claimed by appellant was paid.  Because
of the claim of appellant, the United States withholds
payment of the balance until the determination of this
appeal.  June 4, 1923, this Court granted leave to the Nor-
folk-Hampton Roads Company to intervene as party ap-
pellee, and required appellant to give bond "  .  .  .  to
secure the payment of costs of the appeal as well as in-
terest on $33,000  .  .  ."  [262 U. S. 733.]

The owner at the time of the taking is entitled to the
balance remaining unpaid.  The question for decision is
whether the Vue de L'Eau Company or the Norfolk-
Hampton Roads Company was then the owner of the Re-
serve.

A Virginia statute provides that, " No person shall make
an entry on, or bring an action to recover, any land lying
east of the Alleghany mountains, but within fifteen years
.  .  . next after the time at which the right to make such
entry or bring such action shall have first accrued to him-
self or to some person through whom he claims.  .  .  ."
Code of 1919, §5805.  By adverse possession and lapse of
time the owner's right of entry or action is barred, and
title is acquired by the occupant.  *Cochran* v. *Hiden*, 130
Va. 123, 142; *Virginia Midland R. R. Co.* v. *Barbour*, 97
Va. 118, 123; *Creekmur* v. *Creekmur*, 75 Va. 430, 435, 439;
*Thomas* v. *Jones*, 28 Gratt. 383, 387; *Middleton* v. *Johns*,
4 Gratt. 129.

The disseisor need not have a deed or other writing
giving color of title or furnishing foundation for belief or
claim of ownership or legal right to enter or take posses-
sion of land.  Sometimes misapprehension arises from the
somewhat misleading, if not inaccurate terms frequently
used, such as " claim of right," " claim of title," and
" claim of ownership."   " These terms, when used in this
connection, mean nothing more than the intention of the
disseisor to appropriate and use the land as his own to the

exclusion of all others." *Carpenter* v, *Coles*, 75 Minn. 9, 11. On the facts found, it is clear that the necessary adverse intent of the Norfolk-Hampton Roads Company existed from 1899 to the time of the taking. *Cochran* v. *Hiden, supra; Brock* v. *Bear,* 100 Va. 562, 565; *Haney* v. *Breeden, id.* 781, 784; *Virginia Midland R. R. Co.* v. *Barbour, supra,* 122; *Kincheloe* v. *Tracewells,* 11 Gratt. 587, 605. See also *Chicago & Northwestern Ry. Co.* v. *Groh,* 85 Wis. 641, 645; *Rennert* v. *Shirk,* 163 Ind. 542, 545, 546.

The Reserve was inclosed on all its sides, excepting the waterfront, by land acquired by the Norfolk-Hampton Roads Company in 1899. In that year, it issued advertising matter indicating the land as belonging to it. It included the Reserve and asserted ownership of it in a plat filed in 1901. It did not leave the land in a state of nature, but changed and improved it. It opened and graded streets, cut and removed timber for its own use and for sale, protected the waterfront by construction of bulkheads, and leased it to others. It platted, occupied and treated the Reserve just as it did surrounding land which it purchased. Its acts were sufficient to apprise everyone of its exclusive occupation and use. Its assertion of ownership was unequivocal, emphatic and public. The findings show that the possession met all the requirements of law under the decisions of the Supreme Court of Appeals of Virginia. *Kincheloe* v. *Tracewells, supra,* 602; *Creekmur* v. *Creekmur, supra,* 434; *Virginia Midland R. R. Co.* v. *Barbour, supra.* See also *Taylor* v. *Burnsides,* 1 Gratt. 165, 192, 198, 201; *Harman* v. *Ratliff,* 93 Va. 249, 253; *Whealton* v. *Doughty,* 112 Va. 649, 656; *Craig-Giles Iron Co.* v. *Wickline,* 126 Va. 223, 232. And the facts make out adverse possession under the rule generally applied.[1]

---

[1] *Alice State Bank* v. *Houston Pasture Co.,* 247 U. S. 240; *Ellicott* v. *Pearl,* 10 Pet. 412, 442; *Ewing* v. *Burnet,* 11 Pet. 41, 52; *Zeilin* v. *Rogers,* 21 Fed. 103, 108; *Plume* v. *Seward,* 4 Cal. 94; *Costello* v. *Edson,* 44 Minn. 135, 138; *Lyons* v. *Fairmont Co.,* 71 W. Va. 754, 768;

The judgment is affirmed. In addition to costs of this appeal, the Norfolk-Hampton Roads Company is entitled to interest to be paid by appellant on $33,000 since September 22, 1922, until funds are available for payment by the United States of the balance of the judgment.

*Judgment affirmed.*

---

*Johns* v. *McKibben,* 156 Ill. 71, 73; *Worthley* v. *Burbanks,* 146 Ind. 534, 539; *Merritt* v. *Westerman,* 165 Mich. 535; *Porter* v. *McGinnis,* 1 Pa. St. 413, 416; *Dice* v. *Brown,* 98 Ia. 297, 302; *Wallace* v. *Maxwell,* 32 N. C. 110, 113; *Twohig* v. *Leamer,* 48 Nebr. 247, 253; *Chicot Lumber Co.* v. *Dardell,* 84 Ark. 140, 143; *Davies* v. *Wickstrom,* 56 Wash. 154, 161; *Ford* v. *Wilson,* 35 Miss. 490, 504; *Mississippi County* v. *Vowels,* 101 Mo. 225, 228; *Toltec Ranch Co.* v. *Babcock,* 24 Utah, 183, 191; *Stevens* v. *Pedregon* (Tex. Civ. App.) 140 S. W. 236, 239; *Richbourg* v. *Rose,* 53 Fla. 173, 193; *Finlay* v. *Cook,* 54 Barb. (N. Y.) 9, 22; *King* v. *See,* 27 Ky. L. Rep. 1011; *Foulke* v. *Bond,* 41 N. J. L. 527, 550.