Syllabus.

## Staunton.

### RADFORD VENEER CORPORATION AND JOHN B. SPIERS, TRUSTEE IN BANKRUPTCY,

v.

### F. M. JONES AND OTHERS.

September 17, 1925.

1. ADVERSE POSSESSION—*Requisites where there is no Color of Title.*—In order to acquire title by adverse possession, where there is no color of title, the possession must be actual, continuous, open and notorious, exclusive and hostile, for the entire period prescribed by the statute of limitations.

2. ADVERSE POSSESSION—*Possession Must be Hostile—Claim of Right—Naked Possession.*—To be hostile the possession must be under a claim of right. A mere naked possession without claim of right—that is the intention to use the land as his own to the exclusion of all others—can never ripen into a good title.

3. INTENTION TO CLAIM TITLE—*Question for Jury.*—The intention to claim title must be clear, though it need not be expressed, but whether or not the possession was taken with or without the intention of claiming title is a question of fact to be determined by the jury from all the evidence in the case.

4. ADVERSE POSSESSION—*Claim of Right—Case at Bar.*—In the instant case, an action of ejectment, the land in question lay between the property lines of defendant as shown by its paper title, and the fences by which its property was inclosed. .It was admitted by defendant that defendant had done no act indicating a claim of title to the land in question other than inclosing it by a fence surrounding a boundary, which also included other land of the plaintiffs and the land of other persons not involved in the suit. At the time the fence was built defendant thought that the right of way of a railroad was sixty feet wide, and that it embraced the land on both the north and south side of the railroad's thirty-foot right of way, which land was in the inclosure. Defendant's evidence showed that it did not have exclusive possession within the boundary of the fence, and never intended to claim the right of way.

*Held:* That defendant had not held the land in question adversely under a claim of right for more than ten years.

5. EJECTMENT—*Reservation in Deed—Burden of Proof on Defendant in Ejectment to Show that the Land in Question was within a Reservation in a Deed to Plaintiffs' Predecessor—Section 5465 of the Code of 1919.*—Under the Code of 1919, section 5465, where the land is embraced within the exterior boundaries of a grant or other conveyance under which the plaintiff claims his title, the defendant has the burden of proving that the land in controversy lies within the limits of a reservation in the deed or conveyance under which the plaintiff claims, where the reserved land cannot readily and accurately be located on the face of the deed or by reference on the face thereof to other grants or conveyances of public record, containing such sufficient description as will enable the same to be readily and accurately located by a competent surveyor. In the instant case, defendant failed to carry this burden.

6. EJECTMENT—*Boundaries—Construction.*—In an action of ejectment, the descriptions in the various deeds of conveyance were based on a map which showed the right of way of a railroad as originally planned to be sixty feet wide and not thirty feet as subsequently conveyed to the railroad company. The northern line of defendants' land practically reached the southern line of the right of way, if layed off sixty feet wide, but failed by fifteen feet to reach the actual thirty foot right of way.

*Held:* That there was no merit in the contention of defendant that the court by construction should have extended this line by fifteen feet where plaintiff's title papers embraced the land in controversy.

Error to a judgment of the Corporation Court of the city of Radford in an action of ejectment. Judgment for plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Jackson & Henson*, for the plaintiffs in error.

*Harless & Calhoun, R. L. Jordan* and *H. C. Tyler*, for the defendants in error.

WEST, J., delivered the opinion of the court.

This is an action of ejectment, brought by F. M. Jones and others against the Radford Veneer Corpora-

tion and John B. Spiers, its trustee in bankruptcy, to recover a parcel of land in the city of Radford, Virginia, containing .31 of an acre.

The jury returned a verdict in favor of the plaintiffs for all the land sued for, except the southern half of a small square at the east end of the N. & W. Ry. Company's right of way for the Radford Stove and Range Company's spur track. To the court's judgment on that verdict this writ of error was allowed.

The parties will be referred to as plaintiffs and defendant with respect to their position in the trial court.

It was agreed at the trial that the Radford Improvement Company was the common source of title.

The land in controversy lies between the property lines of Radford Veneer Corporation, as shown by its paper title, and the fences by which its property is enclosed.

The defendant corporation's land, as covered by its paper title, extends from First street to a point about fifteen feet south of the Norfolk and Western's right of way for the spur track, above referred to, which point was thought to be the southern line of said right of way. The plaintiffs' lands adjoin the corporation's lands on the east and extend from First street beyond and north of said right of way. The fifteen foot strip and the N. & W. right of way, thirty feet wide, do not extend all the way to the western boundary of plaintiffs' lands, as located by the defendant, but leave a small square at the end of this strip and the end of said right of way.

Without having its lands surveyed, defendant corporation, in 1909 or 1910, built a fence along First street connecting with old fences on the east and west of its supposed lands, which fences extended beyond

its northern line so as to connect with a picket fence on the north side of said right of way of the N. & W. Railway, thus enclosing in one boundary not only its own lands, but the thirty foot right of way of the Norfolk and Western Railway, the fifteen foot strip on the south thereof, plaintiffs' lands on the north of said right of way, the small square above mentioned, and some three feet of First street.

The failure of the court to recognize the soundness of the following contentions and to set aside the verdict is assigned as error:

1. "That they are entitled to hold the land which lay between the property lines of the Radford Veneer Corporation and its fences, having acquired title thereto by adverse possession."

2. "That the plaintiff failed to show that its title papers covered the land in controversy, because the plaintiff claimed through a deed from the Radford Land Improvement Company to William E. Stokes, dated the 20th day of January, 1904. This last named deed specifically excepts four previous conveyances of parts of the boundary conveyed, and contained a general exception, 'excepting also any and all other lots, tracts, parcels or parts of land which may at any time have been conveyed by deed or conveyance to any, and by the Radford Land ImprovementCompany released from the lien of said deeds of trust or mortgages, by Leonard & Callahan,' etc., trustees, and the plaintiff made no effort to prove that the property in controversy was not within these specifications."

3. "The little square of land lying in between the end of the railroad right of way and the eastern boundary of plaintiff's land is not within the boundary of the plaintiff's title papers."

The fourth contention, as to the form of the verdict, was abandoned at the bar of this court.

1. Have the plaintiffs in error acquired title to the land in controversy by adverse possession?

[1, 3] In order to acquire title by adverse possession, where there is no color of title, the possession must be actual, continuous, open and notorious, exclusive and hostile, for the entire period prescribed by the statute of limitations. To be hostile the possession must be under a claim of right. A mere naked possession without claim of right, that is the intention to use the land as his own to the exclusion of all others, can never ripen into a good title. The intention to claim title must be clear, though it need not be expressed, but whether or not the possession was taken with or without the intention of claiming title is a question of fact to be determined by the jury from all the evidence in the case. *Davis* v. *Owen*, 107 Va. 283, 58 S. E. 581, 13 L. R. A. (N. S.) 728; *Creekmur* v. *Creekmur*, 75 Va. 430; *Haney* v. *Breeden*, 100 Va. 784, 42 S. E. 916; *Yellow Pine Lumber Co.* v. *Thompson*, 108 Va. 623, 62 S. E. 358.

[4] In the instant case, it is admitted by its president that the defendant corporation has done no act indicating a claim of title to the land in question, other than enclosing it by a fence surrounding a boundary which also includes other land of the plaintiffs and the land of other persons not involved in this suit.

At the time the fence was built completing the enclosure, the officers of the corporation thought that the right of way of the Norfolk and Western was sixty feet wide and that it embraced the land on both the north and south side of its thirty foot right of way, which land is in the enclosure.

The evidence of the defendant corporation shows a lack of any intention, in building the fence, to make claim to the Norfolk and Western right of way. Witness

Goldsmith, president of the defendant corporation, testifies that they did not have exclusive possession of the property within the boundary of the fence and never intended to claim the N. & W. right of way.

The facts in the case of *Guarantee Title & Trust Co., Receiver*, v. *United States*, 264 U. S. 200, 44 S. Ct. 252, 68 L. Ed. 636, relied on by counsel for the defendant, are so unlike the facts in the instant case that it can have no controlling effect here. In that case no land was included in the enclosure which the disseizor did not intend to appropriate and use as his own.

The evidence is ample to warrant the jury in finding that the defendant had not held the land adversely under a claim of right for more than ten years.

[5, 6] 2. Does it sufficiently appear that the land in controversy lies within the exterior boundaries of the plaintiffs' title papers and without the exception therein contained?

Section 5465 of the Code reads as follows: "On the trial of any action of ejectment, or unlawful entry or detainer, where it appears from the evidence that the land in dispute, or any portion thereof, is embraced within the exterior boundaries of a grant or other conveyance under which the plaintiff claims his title, which grant or other conveyance reserves one or more parcels of land within said boundaries from the operation thereof, but without sufficient description of said reserved land on the face thereof, or by reference on the face thereof to other grants or conveyances of public record, containing such sufficient description, by courses and distances, natural boundaries or land marks, or otherwise of such reserved land, as will enable the same to be readily and accurately located by a competent surveyor, the plaintiff shall be entitled

to recover so much of said land within said exterior lines as does not appear by a preponderance of the evidence to be within the limits of any such reservation, and as he would otherwise be entitled to recover if such grant or other conveyance had contained no such reservation; but this section shall not apply where it shall appear from the evidence that the defendant is in possession of such reserved land under claim of title thereto."

The deed from the original grantor, Radford Land and Improvement Company, to Wm. E. Stokes, conveying land of which the lot in dispute is a part, conveyed to the grantee, who is predecessor in title to the plaintiffs, lands other than that acquired by the plaintiffs; but the deed fails to give any description of the reserved lands on the face thereof, or by reference on the face thereof to other grants or conveyances of *public record*, which contain such sufficient description, by courses and distances, natural boundaries, or landmarks, or otherwise, of such reserved land as will enable the same to be readily and accurately located by a competent surveyor.

The deed to Stokes, in referring to the four certain parcels of land which are reserved, refers to deed made to Wm. Ingles, Virginia Iron, Coal and Coke Co., Mark Reed and Charles G. Johnson, and to Joseph W. Bishop and others, but no reference is made to grants or conveyances of *public record*.

This court, in construing section 5465, *supra* (2734-a of the old Code), in *Sutherland* v. *Gent*, 116 Va. 783, 785, 82 S. E. 713, held that when the reserved land cannot readily and accurately be located from the face of the deed or other grants or conveyances of *public record*, in the manner above stated, the "plaintiff shall be entitled to recover so much of said land

within said exterior lines as does not appear by a preponderance of the evidence to be within the limits of any such reservation, and as he would otherwise be entitled to recover if such grant or other conveyance had contained no such reservation."

The practical effect of this section is to place upon the defendant the burden of proving that the land in controversy lies within the limits of the reservation. Having failed to carry this burden, we find no merit in defendant's contention No. 2.

3. Is the small square of land lying in between the end of the railroad right of way and the western boundary of the plaintiffs' land, within the boundary of the plaintiffs' title papers?

As stated in brief of counsel for defendants in error, the deed of trust mentioned in the "stipulation of counsel" specifically states the metes and bounds of the land conveyed by the deed to Wm. E. Stokes through whom the plaintiffs acquired the tract of land of which the land in litigation is a part; the line running from First street with the eastern line of the then Radford Land and Improvement Company's property runs 400 feet to a stake; thence south 50 west, and parallel with First street, 353 feet to a stake, etc., and that this description embraces the land in controversy.

The map of the Radford Land and Improvement Company showed the right of way of the Norfolk and Western Railway Company to be sixty feet wide, but only thirty feet were later conveyed for the right of way.

It is manifest, as contended, that the descriptions in the various deeds of conveyance were based on the map of the Radford Land and Improvement Company which showed the right of way as originally planned to be sixty feet and not thirty feet as subsequently con-

veyed to the railway company; that the northern line of the Veneer Corporation's land practically reaches the southern line of the Norfolk and Western right of way if laid off sixty feet wide, but fails by fifteen feet to reach its thirty foot right of way.

Under these circumstances, we find no merit in the contention of the defendant corporation that the court by construction should have extended this 400 foot line to 415 feet.

Upon the who lecase, we find no reason to justify a reversal of the judgment complained of.

*Affirmed.*