# Staunton

## LAFAYETT FLEMING v. AMANDA T. LOCKHART.

September 9, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*G. Mark French,* for the plaintiff in error.

*S. H. & Geo. C. Sutherland,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This was an action of ejectment brought by Amanda T. Lockhart and Sophrona Lockhart against Lafayett Fleming. The plaintiffs alleged that they were each possessed in fee simple of a one-half share, as tenants in common, in the tract of land in question. The defendant pleaded the general issue, and relied upon adverse possession to defeat the action. He was permitted to withdraw his plea as to the one-half interest claimed by Sophrona Lockhart. He disclaimed any interest therein, and admitted her title thereto.

Amanda T. Lockhart will be hereinafter referred to as plaintiff, and Lafayett Fleming as defendant, the judgment in favor of Sophrona Lockhart not being contested.

After the introduction of the evidence, the trial court, on motion of the plaintiff, and over the objection of the defendant, instructed the jury "that under the evidence defendant could not dispute plaintiff's title, and his possession thereof was not adverse to" hers. The jury there-

upon brought in a verdict in favor of the plaintiff, Amanda T. Lockhart, as tenant in common with Sophrona Lockhart.

The defendant, Fleming, assigns error to the giving of the said instruction, and to the action of the trial court in entering a judgment in favor of Amanda T. Lockhart, in accordance with the verdict of the jury.

The evidence is certified in narrative form. It is very brief and limited. The briefs of counsel indicate that not all of the evidence is certified in the record. We must, however, consider the record as setting forth, if not all, at least so much of the evidence as related to the merits of the case and as served to show the materiality of the instruction given. The instruction and the judgment must be considered with reference to the bare facts, which the certified evidence proves, or tends to prove.

The plaintiff introduced a deed, not of record, dated January 27, 1914, conveying the land described in the declaration, to D. C. Lockhart and Amanda T. Lockhart.

The only witness was the defendant, Fleming, called as an adverse witness by the plaintiff. Fleming testified that he knew the land described in the declaration; that he had bought that land from D. C. Lockhart, his father-in-law, twenty-one years ago in exchange for certain land, which he had agreed to convey to his grantor; that he immediately took possession thereof, and had lived upon it, claiming it as his own from that time on; that all of the land was under fence, and that he had tended crops on it for the past twenty-one years; that D. C. Lockhart had not made a deed to him for the land, nor had he made a deed to Lockhart for the land in exchange, although Lockhart had taken possession of the latter; that he had paid no rent for the land; that Amanda T. Lockhart had theretofore stated that the land belonged to him, Fleming, and could not be sold for the debts of D. C. Lockhart; that it had been sold, however, for the debts of D. C. Lockhart and had been bought in by Sophrona Lockhart, who had received a deed therefor; and that there was no writing between him and D. C. Lockhart with reference to the sale of their lands, although they

had expected, at the time of the exchange, to make deeds later in accordance therewith.

While it is not shown in the record, the briefs recite that Amanda T. Lockhart is the wife of D. C. Lockhart.

It is admitted in the brief of counsel for Fleming that, in the application of the above rule to the circumstances related, he could not successfully claim adverse title against D. C. Lockhart, who had put him in possession of the land. For this reason, he disclaimed any title in the land of D. C. Lockhart, covered in the conveyance to Sophrona Lockhart, that is, one-half of the parcel sued for. He contends, however, that since he was neither a purchaser from, nor a tenant of Amanda T. Lockhart, claimed no title under her, was not put in possession by her, and there was no privity between them in respect to the title or possession of the land, the foregoing principle does not apply as between them.

The evidence supports the defendant's contention. The deed conveying the land to the Lockharts was unrecorded. Fleming had no contract, oral or otherwise, with Mrs. Lockhart. Neither promised the other anything. There was no obligation from one to the other, nor any legal disabilities on either. There is no evidence that the husband represented the wife in the transaction involving the exchange of the properties. There is nothing to show privity between Fleming and Mrs. Lockhart. Further supporting this position is the uncontradicted admission of the plaintiff that the land belonged to Fleming.

The above facts take this case out of the general rule that one put in possession of land by another, as tenant or otherwise, cannot dispute such person's title during the tenancy, or until he has disclaimed the title under which he took possession.

The defendant is not here relying on an equitable title. He is relying on adverse possession. Nor does Fleming claim that he was to receive from Lockhart only a half interest in the property, making him a tenant in common with Mrs. Lockhart. He claims that he bought the entire in-

terest in the whole property, and that he took possession of the entire property.

The cases, therefore, cited by the plaintiff applying to a different set of facts, are not of value here. The fact that Amanda was the wife of D. C. Lockhart, in the absence of any showing that he was acting as her agent, or in her behalf, in making the exchange, did not affect her separate estate in the property. She was otherwise a stranger to the transaction between Fleming and D. C. Lockhart, and her interest does not appear to have been considered.

We need not here review the rights of a married woman in Virginia, to own, acquire, hold, use, control and dispose of her estate. Her rights are clearly and definitely set out by statute. Virginia Code 1936, section 5134.

The case resolves itself into the sole question, whether the evidence is sufficient to show adverse possession.

The reports and books contain many cases defining the requirements for adverse possession. Such possession must be actual, exclusive, hostile, open and notorious, accompanied by a claim of title against that of all other persons for the period required by statute. Virginia Code 1936, section 5805, and cases thereunder cited.

The evidence in this case fulfills all of the above requirements. Mrs. Lockhart sat by and witnessed the development of all the facts set out in those requirements, without protest or opposition. In her declared admission that the property belonged to Fleming, and was not liable for her husband's debts, she actually recognized the right and claim of the defendant. There was no necessity for a disclaimer or disavowal of her title. The instruction to the jury was erroneous.

Upon the evidence, the defendant was justly entitled to a verdict for the one-half interest in the land claimed by Mrs. Lockhart, and as there was sufficient evidence before the trial court to enable it to decide the case upon its merits, he is entitled to the same decision from this court.

The judgment of the trial court, insofar as it orders and directs that Amanda T. Lockhart recover an estate in fee as

a tenant in common in the said land, is reversed, so much of the verdict of the jury as finds that she is entitled to recover such an estate, is set aside, and judgment is here entered for the defendant, Lafayett Fleming, for the one-half share of the land claimed by Amanda T. Lockhart.

*Reversed.*