## Richmond

RAYMOND L. WALTON AND RUBY J. WALTON v.
ELLEN ROSSON, ET AL.

March 5, 1976.

Record No. 750359.

Present, All the Justices.

*J. Harry Michael, Jr. (George B. Barrett; John W. Zunka; Michael & Dent, Ltd.*, on brief), for plaintiffs in error.

*W. G. Pickford (Belt & Pickford*, on brief), for defendants in error.

HARMAN, J., delivered the opinion of the court.

This is an appeal from a final order of the trial court in an action instituted in 1973 under Chapter 36 of Title 8 of the Code, § 8-836 et seq., to ascertain and designate the true boundary between adjoining property owners. The question presented here is whether the trial court erred in holding that Ellen Rosson, et al (the Rossons) have established, by adverse possession, title to the disputed property.

Raymond L. Walton and Ruby J. Walton (the Waltons) instituted this proceeding against the Rossons, alleging that they were the owners in fee simple of tax parcel 6-32, a tract of approximately forty-nine (49) acres of mountain land, located near Boonesville in Albemarle County. They further alleged that the Rossons owned an adjoining tract, tax parcel 6-33, and that both parcels were once part of a larger tract owned by Pleasant M. Via. They set out what they contended to be the correct boundary between these two parcels and asked the court to establish that line as their boundary line.

The Rossons, by their answer and grounds of defense, denied the validity of the proposed boundary and alleged that they and their predecessor in title, Willie Rosson, had been in continuous, actual, exclusive, hostile, open and notorious possession of parcel 6-32 for more than fifteen years. They contended that their possession was under a bona fide claim of right and that title to the disputed property had vested in them by adverse possession.

The trial court heard the evidence *ore tenus* at a bench trial and held that the Rossons had established their claim of title by adverse possession, thereby vesting them with fee simple title to the disputed property.

Since the Rossons prevailed in the trial court, they are entitled, under well established rules, to have the evidence viewed in the light most favorable to them, granting to them all reasonable inferences fairly deducible therefrom.

The evidence established that parcel 6-32 was once a portion of the Pleasant M. Via farm. By his will, Via divided this farm into three parcels and devised one parcel to each of his two daughters and one parcel to his granddaughter. In particular, parcel 6-32 was devised to his daughter, Lucy Wood, and the adjoining tract, parcel 6-33, was devised to his granddaughter, Lula Wood. At Via's death in 1920 a rail and brush fence marked the boundary line between those two parcels, but this fence had disappeared by 1935.

Lucy Wood moved from the property in 1928 or 1929 and thereafter allowed it to go generally untended. In 1942 parcel 6-33 was conveyed to Willie Rosson and thereafter he began cutting firewood on parcel 6-32 and obtaining water for domestic purposes from the spring located there. In 1947 Raymond Walton, with the aid and consent of Willie Rosson, built a "line fence" between his adjoining property and parcel 6-32. Shortly thereafter, Willie Rosson and his sons constructed a wire fence along State Route 810, thereby com-

pleting the enclosure of parcel 6-33 and the disputed property. After completing the enclosure, Willie Rosson began regularly to graze cattle on parcel 6-32.

In 1953 Raymond Walton expressed an interest in purchasing parcel 6-32 and Willie Rosson offered to sell it to him. However, when Willie Rosson and Raymond Walton asked an attorney to prepare a deed, the attorney informed them that record title to parcel 6-32 was vested in the heirs of Lucy Wood and not in Willie Rosson. Raymond Walton testified that Willie Rosson, upon receiving this advice, "didn't say anything. He just got up and walked out." Subsequently, Raymond Walton obtained a conveyance of parcel 6-32 from Lucy Wood's heirs.

Raymond Walton testified that after he purchased parcel 6-32 he told Willie Rosson that he could continue to use it as he had in the past. He testified that he told Willie Rosson, however, that he was not to cut any logs from timber which was larger than fourteen inches in diameter. He conceded that Willie Rosson never sought permission to use the property. From that time until the institution of this suit in 1973, the Rossons have drawn water daily from the spring located on the disputed property, grazed cattle over it, cut firewood, pulpwood and timber, maintained a junkpile, installed an outdoor toilet on the property, and, on at least one occasion, bushhogged and burned over part of the disputed property.

In 1954 Raymond Walton commenced working in Maryland, returning to Virginia on weekends only. Upon one such occasion in 1956, he observed a truck, loaded with logs, leaving parcel 6-32. He attempted to stop the sale of these logs, but was unsuccessful in doing so. He subsequently found evidence that these logs were cut from parcel 6-32. Shortly thereafter the Waltons employed a surveyor and brought several of the Wood heirs to the property to point out the boundary line between parcels 6-32 and 6-33. When the surveyor attempted to survey the line pointed out by the Wood heirs, Willie Rosson protested, stating that the line "would not hold", that the property (parcel 6-32) belonged to him and, according to some witnesses, he ordered Walton and the surveyor to leave the property. Raymond Walton testified that the surveyor told him then that he would have to go to court to establish his line. He further testified that after this incident he knew that legal action would be required to establish his ownership and boundary line.

Shortly thereafter, the Waltons moved to Maryland. They returned

annually, for about one week each summer. During these visits Raymond Walton testified that he would walk over and inspect the property.

■ Adverse possession must be actual, hostile, open and notorious, accompanied by a bona fide claim of title against all other claimants, and it must continue for the statutory period. *Creekmur* v. *Creekmur*, 75 Va. 430, 435 (1881); *Radford Veneer Corp.* v. *Jones*, 143 Va. 124, 128, 129 S. E. 260, 261-262 (1925); *Fleming* v. *Lockhart*, 171 Va. 127, 131, 198 S.E. 489, 491 (1938); *Peck* v. *Daniel*, 212 Va. 265, 268, 184 S. E. 2d 7, 9 (1971). Willie Rosson and the Rossons have been in actual possession of parcel 6-32 for more than the statutory period, as evidenced by its enclosure and their use of the property. *LaDue* v. *Currell*, 201 Va. 200, 207, 110 S. E. 2d 217, 222 (1959); *Va. Midland R. Co.* v. *Barbour*, 97 Va. 118, 123, 33 S. E. 554, 555 (1899).

For purposes of adverse possession, a party need not enter into possession under a deed or some other form of writing. *Id*. at 122, 33 S. E. at 556; *Marion Inv. Co.* v. *Virginia Lincoln Furniture Corp.*, 171 Va. 170, 183, 198 S.E. 508, 514 (1938). Claim of title, as opposed to color of title, is a mere assertion of ownership or right, without paper title. The possessor intends to appropriate and use the land as his own, to the exclusion of all others, irrespective of any semblance of title or legal right. *Id*. at 182, 198 S. E. at 513. The testimony established that during 1956 the Waltons sought to establish the boundary between parcels 6-32 and 6-33 by survey. Willie Rosson rebuffed this effort by stating that the line "would not hold" and ordered Walton and the surveyor from the land. Raymond Walton testified that as a result of that incident he knew he would have to institute legal action to establish his title and boundary line. In effect, he acknowledged notification of the Rossons' adverse claim to parcel 6-32.

A claim of right need not be expressed. It is sufficient that the acts of the party in possession indicate a claim of ownership. The actual occupation, use and improvement of the premises, without payment of rent, recognition of another's title or disavowal of one's own title, raises a presumption that the possessor entered and is holding as the absolute owner. *Id*. *at* 182, 198 S. E. at 513. The character of the acts necessary to vest one with a title by adverse possession varies with the nature of the property involved, the conditions surrounding it, and the use to which the property may be adapted. *Leake* v. *Richardson*, 199 Va. 967, 976, 103 S. E. 2d 227, 234 (1958); *Harman* v. *Ratliff*, 93 Va. 249, 24 S. E. 1023 (1896). Whether the facts relied upon are

sufficient to prove a claim of right is a question for the trier of fact. *Marion Inv. Co.* v. *Virginia Lincoln Furniture Corp.*, *supra*, 171 Va. at 182, 198 S. E. at 513-514; *Radford Veneer Corp.* v. *Jones*, *supra*, 143 Va. at 128, 129 S. E. at 262. The Rossons began to treat parcel 6-32 as their own property some time after they purchased parcel 6-33 in 1942. They completed the enclosure of the property in 1947. They drew water daily from the spring located on the property, grazed cattle, cut firewood, pulpwood and timber, maintained a junkpile and outdoor toilet, and bushhogged and burned over the property. While the Waltons argue that they gave Willie Rosson permission to use this property, neither Willie Rosson nor the Rossons ever sought permission and continued to use the property as they had before the Waltons obtained paper title to it. Certainly after being driven from the property by Willie Rosson in 1956, the Waltons were fully apprised that Willie Rosson claimed title to the disputed land and that his claim was hostile, open and notorious.

A party assuming possession of property by a claim of right, takes that which he occupies, cultivates, encloses, or from which he otherwise excludes the owner. *Hollingsworth* v. *Sherman*, 81 Va. 668, 673 (1885); *Sulphur Mines Co.* v. *Thompson*, 93 Va. 293, 319-320, 25 S.E. 232, 238 (1896); *Va. Midland R. Co.* v. *Barbour*, *supra*, 97 Va. at 122, 33 S. E. at 556. By building the fence along State Route 810 in 1947, Willie Rosson completed the enclosure of the disputed land as well as parcel 6-33. Thus, the Rossons' claim of adverse possession includes all of the disputed property.

The trial court, as a trier of fact, was fully justified in holding that the Rossons had established title to the disputed property by adverse possession and the judgment will be affirmed.

*Affirmed.*